BOARD OF COMM'RS, KINGFISHER COUNTY v. GUARANTEE STATE BANK *et al.*

No. 2002.    Opinion Filed January 10, 1911.

**APPEAL AND ERROR—Jurisdiction—Appeals from County Courts.**
The Supreme Court is without jurisdiction to review, upon appeal thereto, an order or judgment of a county court made in an appeal to such court from an order of the county equalization board.

(Syllabus by the Court.)

*Error from Kingfisher County Court; Jno. W. Graham, Judge.*

Action between the board of commissioners of Kingfisher county and Guarantee State Bank, First National Bank, People's State Bank and Citizens State Bank of Kingfisher, First National Bank and Farmers & Merchants Bank of Hennessey, and First National Bank of Cashion, Bank of Keil, and Bank of Dover. From the judgment, the commissioners bring error. Dismissed.

*M. W. Hinch* and *E. D. Brownlee,* for plaintiffs in error.
*F. L. Boynton,* for defendants in error.

HAYES, J.   The facts out of which this proceeding grows
are as follows:   The board of county commissioners of Kingfisher
county, acting as the board of equalization of that county, raised
the return statements of the value of the property of defendants
in error and assessed their property at a higher amount than at
which they had rendered it.  · From this order of the board of
equalization, defendants in error appealed to the county court.
That court set aside the order of the board of equalization and
assessed the property of defendants in error at an amount less
than that fixed by the board of equalization.   From the order of
the county court, the board of county commissioners have prose-
cuted this appeal.

The first question presented by the proceeding relates to the
jurisdiction of this court to hear and determine same.   The stat-
ute authorizing appeals from county boards of equalization is
found in the act of the Legislature approved March 24, 1910,
the first section of which reads as follows:

"Appeals may be taken from all county boards of equaliza-
tion to the county court of the county wherein the assessment is
made, within thirty days after the adjournment thereof, and to
the Supreme Court if from the State Board, within sixty (60)
days after the adjournment of such board, but not afterwards;
Provided, that no matter shall be reviewed on appeal which was
not presented to the board appealed from, and provided further,
that every appeal shall state specifically the objections to the
assessment and the relief sought." (Sess. Laws 1910, p. 173.)

It is apparent that the foregoing statute does not authorize,
in this character of proceeding, any appeal from the county court
to any court. ˙Section 15, art. 7, Constitution, provides in what
cases and to what court appeals may be taken from judgments of
the county court and reads as follows:

"Appeals and proceedings in error shall be taken from the
judgments of county courts direct to the Supreme Court, in all
cases appealed from justices of the peace, and in all criminal cases

Vol. 27—47

of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the district court."

It will be observed that this section authorizes appeals and proceedings in error to the Supreme Court in three classes of cases, to wit: First, in all cases appealed from the justices of the peace to the county court; second, in all criminal cases of which the county court is vested with jurisdiction; third, in all civil cases *originally brought in the county court.*

It is evident that the instant proceeding does not fall within the first two classes of cases; and, if we assume that it is a civil case, it still does not fall within the third class, for the reason that it was not originally brought in the county court. It has been suggested by counsel that it is not a civil case in the sense of that term as used in the foregoing section of the Constitution; but it is unnecessary to decide that question, for, as already stated, assuming, without deciding, it to be such, it does not meet the second requirement. That it was not contemplated by the statute that an appeal from the board of equalization should be deemed an original case in the county court, is evidenced by the fact that it provides that no matter shall be reviewed on such appeal which was not presented to the board appealed from. Appeals from orders of boards of equalization are entirely of statutory origin, and when not authorized by some statutory or constitutional provision, the right thereto does not exist.

It follows that this court is without power to review the proceedings in the county court for the purpose of determining any matter of which plaintiff in error complains, and the action is dismissed.

All the Justices concur.