STATE *et al.* v. CAWTHORN'S ESTATE.

No. 3348.   Opinion Filed March 12, 1912.

(122 Pac. 523.)

COURTS—Supreme Court—Jurisdiction.   The Supreme Court is without
jurisdiction to review on appeal thereto an order or judgment of a
county court made in an appeal to such court from a decision and
order of a county treasurer, assessing property for taxation al-
leged to have been unlawfully omitted from the tax returns for
certain years.

(Syllabus by the Court.)

*Error from Blaine County Court;*
*Geo. W. Ferguson, Judge.*

Action by the State and Blaine County against the Estate of
A. R. Cawthorn, deceased.   Judgment for defendant, and plain-
tiffs bring error.   Dismissed.

*F. A. Thomas,* for plaintiffs in error.

*C. F. Dyer,* for defendant in error.

HAYES, J.   This action originated before the county treas-
urer of Blaine county.   The board of county commissioners of
that county appointed one F. A. Thomas tax ferret of said county
to investigate and report to the county treasurer of said county
the amount of property belonging to and owned by deceased,
Cawthorn, which was unlawfully omitted from the tax returns
of said county for the years 1905, 1906, 1907, and 1908 at the
time of his death.   Said tax ferret made his report to the county
treasurer of said county, and the county treasurer listed said
property for taxation for the years above mentioned.   From a
decision of the county treasurer assessing said property for taxa-
tion for the times above mentioned, defendant in error appealed
to the county court.   Judgment was rendered in said court in
favor of defendant in error, defendant below.   From said order

of the county court, plaintiffs in error, plaintiffs below, attempt to prosecute this appeal.

Defendant in error seeks to have this cause dismissed, setting up among other grounds that this court is without jurisdiction to hear and determine the issues here involved. Section 15, art. 7, of the Constitution, provides in what cases and to what courts appeals may be taken from judgments of county courts. Said section reads as follows:

"Appeals and proceedings in error shall be taken from the judgments of county courts direct to the Supreme Court, in all cases appealed from justices of the peace, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from judgments of the district court."

In *Board of Co. Com'rs of Kingfisher County v. Guarantee State Bank et al.,* 27 Okla. 736, 117 Pac. 216, it was said by the court, construing the foregoing section of the Constitution:

"It will be observed that this section authorizes appeals and proceedings in error to the Supreme Court in three classes of cases, to wit, first, in all cases appealed from the justices of the peace to the county court; second, in all criminal cases of which the county court is vested with jurisdiction; third, in all civil cases originally brought in the county court."

See, also, *Asher State Bank v. Board of County Commissioners of Pottawatomie County, infra,* 120 Pac. 634.

By the rule of the foregoing cases, it is determined that this court is without jurisdiction of this appeal, and it is dismissed.

All the Justices concur.