## In re DUNCAN.

No. 3426. Opinion Filed November 10, 1914.

(144 Pac. 374.)

1. **TAXATION—Assessment—Review—Appellate Jurisdiction.** The Supreme Court is without jurisdiction to review, in a proceeding in error, the judgment of a county court rendered on appeal from the action of a county treasurer listing and assessing property for taxation under section 7449, Rev. Laws 1910.

2. **APPEAL AND ERROR—Certiorari—Petition in Error—Remedies Distinguished.** A petition in error cannot be considered as a substitute for a petition for a writ of certiorari.

(Syllabus by the Court.)

*Error from County Court, Muskogee County;*
*Thos. W. Leahy, Judge.*

The county treasurer of Muskogee county listed certain personal property for taxation, and from the judgment pertaining thereto by the county court of Muskogee county, Lewis Duncan brings error. Dismissed.

*Brainerd & Davis,* for plaintiff in error.

*P. A. Gavin,* for defendant in error.

BLEAKMORE, J. This is a proceeding commenced under the provisions of article 3, c. 38, Sess. Laws 1909, now section 7449, Rev. Laws 1910, relative to the discovery of property not listed for taxation. Notice was given to the alleged owner of certain property by the county treasurer of Muskogee county according to the provisions of said article. The county treasurer listed and assessed certain personal property for the years 1908 and 1909 against plaintiff in error, from which action of the county treasurer appeal was taken to the county court of Muskogee county as provided in said article. From the judgment of that court, plaintiff in error has prosecuted this proceeding:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed

and assessed, as required by existing laws, and fix the compensation not to exceed fifteen per cent. of the taxes recovered under this act. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last-known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court for the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

No briefs have been filed on behalf of the treasurer. The only question necessary to a determination of the cause is that of the jurisdiction of this court to entertain the appeal. Section 15, art. 7, of the Constitution provides:

"Appeals and proceedings in error shall be taken from the judgments of county courts direct to the Supreme Court, in all cases appealed from justices of the peace, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the district court."

It is manifest that this proceeding is not contemplated by this provision of the Constitution, and therefore this court is without power to review the action of the county court upon this proceeding in error. *Board of Com'rs of Kingfisher County v. Guaranty State Bank et al.,* 27 Okla. 736, 117 Pac. 216; *State et al. v. Cawthorn's Estate,* 31 Okla. 560, 122 Pac. 522; *Asher State Bank v. Board of Commissioners of Pottawatomie County,* 31 Okla. 145, 120 Pac. 634.

It is suggested, however, by appellant that if an appeal does not lie to review the proceedings of the county court, this court, in the exercise of its superintending control, should review the errors complained of as upon *certiorari,* and treat the petition in error attached to the case-made as a petition for a writ of *certiorari.*

Without passing upon the question of whether this court will, in a proper proceeding, review upon *certiorari* jurisdictional

errors of an inferior tribunal where, as in this case, no appeal lies, suffice it to say that while the office of a petition in error and that of a petition for a writ of *certiorari* are somewhat analogous, yet in this state the former is used exclusively to bring to this court for review those cases wherein proceedings in error may be taken as a matter of right, and the latter is an application addressed to the sound judicial discretion of the court praying the issuance of the writ to bring before it the record of an inferior court or tribunal for review of jurisdictional errors only. The first is governed by statutory provisions; the second must conform to the rules of pleading at common law. The one is not a substitute for the other.

It follows that this proceeding must be dismissed; and it is so ordered.

All the Justices concur.