## McALESTER TRUST CO. v. WATSON, County Treasurer.

### No. 6226.   Opinion Filed February 16, 1915.

### (146 Pac. 586.)

**COURTS—Appellate Jurisdiction—Judgment of County Court—Taxation of Omitted Property.** The Supreme Court is without jurisdiction to review on appeal thereto from an order or judgment of a county court made in an appeal to such court from a decision and order of a county treasurer, assessing property for taxation alleged to have been unlawfully omitted from the tax returns for a certain year.

(Syllabus by the Court.)

*Error from County Court, Pittsburg County;*

*B. P. Hammond, Judge.*

Appeal by the McAlester Trust Company to the county court

from the action of A. A. Watson, County Treasurer, in listing and assessing certain bonds. From a judgment sustaining the County Treasurer's action, the Trust Company brings error. Appeal dismissed.

*Fuller & Porter,* for plaintiff in error.

*Day & Clayton,* for defendant in error.

SHARP, J. The proceeding from which this appeal is attempted to be prosecuted was begun before the county treasurer of Pittsburg county, and had for its authority section 7449, Rev. Laws 1910. Certain bonds and warrants owned by the trust company, of the value of $54,365.73, had not been listed for taxation, under the claim that they were exempt under section 6, art. 10, Constitution, and section 7303, Rev. Laws 1910, and on complaint of W. F. Cowper, tax ferret, were, after hearing duly had, ordered assessed by the county treasurer. On appeal to the county court, judgment was duly rendered affirming the action of the county treasurer, except as to certain warrants, amounting to $2,500, against the state building fund, and leaving the sum of $51,865.73 the value of the bonds, which sum it was found should be listed and assessed against the said trust company. From the order of the county court, the trust company has attempted to prosecute an appeal to this court. The jurisdiction of this court to entertain the appeal is challenged by a motion to dismiss, on the ground that an appeal will not lie to this court from the action of the county court in a proceeding instituted under section 7449, Rev. Laws 1910. The motion must be sustained. In *State et al. v. Cawthorn's Estate,* 31 Okla. 560, 122 Pac. 523, a like attempt to review the action of the county court, in a proceeding of the character here involved, was presented for our consideration, and it was held that the Supreme Court was without jurisdiction to review, on appeal thereto, an order or judgment of a county court, made on appeal

to such court from a decision and order of the county treasurer, assessing property for taxation alleged to have been unlawfully omitted from the tax returns for certain years. The court there cited, in support of its position, *Board of Com'rs of Kingfisher County v. Guarantee State Bank*, 27 Okla. 736, 117 Pac. 216; *Asher State Bank v. Board of Com'rs of Pottawatomie County*, 31 Okla. 145, 120 Pac. 634. The same question was again before the court in *Re Duncan*, 144 Pac. 374, and the rule theretofore announced in *State et al. v. Cawthorn's Estate, supra*, was followed.

Under section 15, art. 7, Constitution, it is provided that appeals and proceedings in error shall be taken from the judgments of the county court direct to the Supreme Court in all cases appealed from justices of the peace, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the district court.

No provision for an appeal of the kind under consideration being provided for, it follows that this court is without jurisdiction in the premises, and that the appeal should be dismissed.

All the Justices concur.