## SCHOOL DIST. NO. 7 OF JOHNSTON COUNTY v. CUNNINGHAM *et al.*

No. 4594.   Opinion Filed July 29, 1915.

On Petition for Rehearing, September 21, 1915.

(151 Pac. 633.)

SCHOOLS AND SCHOOL DISTRICTS—Statutes—Repeal by Implication—Formation of School Districts. It is a well-established principal of law that repeals by implication are not favored; but it is also equally as well established that repeals by implication are effected where there is an irreconcilable conflict. A repealing clause in an act does not add to its repealing force or effect, for any law in conflict with the act is repealed by it, just as effectively without such clause as with it, for two irreconcilable statutes cannot be effective, and the last expression of the Legislature is the one that should and does prevail.

There being an irreconcilable conflict between section 8050 of Snyder's Comp. Laws 1909 and chapter 107 of the 1910 Session Laws, the former was repealed by the latter.

(Syllabus by Brett, C.)

*Error from District Court, Johnston County;*
*Robert M. Rainey, Judge.*

Action by School District No. 7 of Johnston County against T. L. Cunningham and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Cornelius Hardy,* for plaintiff in error.

*J. D. Chastain,* for defendants in error.

Opinion by BRETT, C. This action was commenced by T. L. Cunningham *et al.* filing a petition with the county superintendent of public instruction of Johnston county to detach certain territory described in the petition from school district No. 7 of Johnston county, for the purpose of forming a new school district out of same. That petition was denied by the county superitendent, and an appeal was perfected by said Cunningham *et al.* to the board of county commisisoners of Johnston county. Upon a hearing the board of county commissioners granted the petition, and ordered the territory described in the petition detached from school district No. 7, and a new district formed comprising said territory. From this order of the county commissioners, school district No. 7 appealed to the district court of Johnston county. Cunningham *et al.* filed a motion to dismiss the appeal, on the ground that the action of the county commissioners in said matter was final, and the district court had no jurisdiction to hear and determine the same. This motion was sustained by the district court, and from the judgment and order dismissing said appeal school district No. 7 appeals to this court.

There is only one question presented by the appeal, and that is whether or not an appeal under the statutes then in force would lie from the county commissioners

to the district court in matters affecting the alteration and formation of school districts. The order of the county commissioners was made on the 4th day of September, 1911, and the right of appeal to the district court would be controlled by the law then in effect. The Revised Laws of 1910 did not become effective until May 16, 1913, and would have no effect upon the rights of the parties in this case. Chapter 107, Session Laws of 1910, is an act amending section 7975, Snyder's Compiled Laws of 1909, and among other things provides, in the alteration or formation of school districts:

"That one-fourth of the qualified electors of any district affected by such change may join in appeal to the board of county commissioners from the action of the county superintendent, and their decision shall be final."

It is contended by plaintiff in error that inasmuch as this is only an amendment to section 7975, Snyder's Compiled Laws, and does not contain a repealing clause, it does not repeal section 8050 of Snyder's Compiled Laws, which section provides that an appeal may be taken from the decision of the county commissioners in such matters to the district court, and it bases this contention on the ground that repeals by implication are not favored. It is true that it is a well-established principle that repeals by implication are not favored. But it is equally as well established that repeals by implication are effected where there is an irreconcilable conflict. *Jefferson v. Winkler*, 26 Okla. 653, 110 Pac. 755; *Porter et al. v. Brook*, 21 Okla. 885, 97 Pac. 645; *Brewer et al. v. Rust*, 20 Okla. 776, 75 Pac. 233; *Fritz v. Brown*, 20 Okla. 263, 95 Pac. 437; *Huston v. Scott*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 921; *Erwin v. Wheeler*, 31 Okla.

331, 120 Pac. 1098; *Hine v. Gokey et al.,* 23 Okla. 870, 102 Pac. 77.

In *Brewer et al. v. Rust, supra,* it is said:

"There being no express repeal of the older by the later statute, the law does not favor it by mere implication; but the repeal must be necessary, and, if it arises out of repugnancy between the two, the later abrogates the older only to the extent that it is inconsistent and irreconcilable.' *Simonton v. Lanier,* 71 N. C. 498; *Wood v. United States,* 16 Pet. 342, 10 L. Ed. 987."

And in *Huston v. Scott et al., supra,* the following language is quoted with approval:

"A general repeling clause in an act is a legislative expression which carries with it a repealing effect only where by law the effect would be the same without such repealing clause. *Kiersey v. Labette Co.,* 30 Kan. 576, 2 Pac. 864; *Hornaday v. State,* 63 Kan. 499, 65 Pac. 656; *Turner v. State,* 111 Tenn. 593, 69 S. W. 774. In *Turner v. State, supra,* it was said: 'The last section of the act contains a general clause repealing all laws in conflict with this act. But the repealing clause found in the last section of this act has no legal effect whatever. The act is precisely the same in legal import and in point of validity as it would have been without that clause, whose presence makes the act neither more nor less a repealing law.' "

The expression last quoted is tantamount to saying that the repealing clause in an act is a mere surplusage; that any law in conflict with the act would be repealed just as effectively without it as with it. And this, we think, is pre-eminently correct, for two irreconcilable statutes cannot be effective, and the last expression of the Legislature is the one that should and does prevail.

Then the only remaining question we have to determine is whether or not section 8050 of Snyder's Compiled

Laws, providing that, on questions affecting the alteration or formation of school districts, an appeal may be taken from the county commissioners to the district court is in conflict with chapter 107, 1910 Session Laws, which provides that on such questions the decision of the county commissioners "shall be final." It seems but to state the question would be to answer it; for if the decision of the county commissioners is final, then there can be no appeal from it, and if there can be an appeal from it, then certainly it is not final. There is an irreconcilable conflict between these two statutes, and the last expression of the Legislature must prevail.

We recommend that the judgment of the district court be affirmed, and that the opinion heretofore handed down, dismissing the appeal to this court, be withdrawn, and this opinion on the merits of the cause be substituted therefor.

By the Court: It is so ordered.

## ON· PETITION FOR REHEARING.

Opinion by DEVEREUX, C. It is argued in the petition for rehearing that the provisions of chapter 107, Sess. Laws 1910, are unconstitutional, because it makes the decision of the county commissioners final, thus preventing an appeal; the argument being that under the Constitution appeals are matters of right in all cases. We do not think this construction is tenable. If the contention of the petition in error were sound, the provision of the Constitution would allow appeals from all orders and proceedings of inferior boards and courts; but the decisions of this court, both state and territorial, are to the contrary. In *Territory ex rel. v. Neville,* 10 Okla. 79, 60 Pac. 790, it is said:

"The first question that presents itself to the court is: Was the order of the county commissioners an appealable order? The statute provides: 'From all decisions of the board of county commissioners upon maters properly before them there shall be allowed an appeal to the district court.' This leads to the question of what is meant in this statute by a decision. We take it that this means a final conclusion of any question requiring the exercise of discretion, and does not intend to include the decision of questions purely ministerial."

In *State v. Cawthon's Estate*, 31 Okla. 560, 122 Pac. 522, the question arose whether an appeal lay to this court from the decision of the county court on appeal to that court from the action of the county treasurer in listing omitted property under the tax ferret law. The statute gave an appeal from the action of the county treasurer to the county court, but was silent as to any further appeal to this court, and it was held that no appeal would lie, citing *Board of Commissioners of Kingfisher County v. Guaranty State Bank*, 27 Okla. 736, 117 Pac. 216. And the same question is decided in *Shull v. State*, 35 Okla. 588, 130 Pac. 910; and see *McAlester Trust Co. v. Watson*, 45 Okla. 607, 146 Pac. 586, and *Thompson v. Bond*, 47 Okla. 547, 149 Pac. 1098. Under these authorities we think it is settled in this state that the Constitution does not give the universal right of appeal claimed by petitioner, and that our former decision was correct.

The petitioner also complains because a petition for rehearing was allowed in this case on July 13, 1915, and the opinion now sought to be reviewed in the petition for rehearing was filed on July 20, 1915. It appears that the clerk of this court had assigned this case for submission on September 13th, although no order of this court was

made directing any such assignment. Rule 9 (38 Okla. vi, 137 Pac. ix) on the subject of rehearing provides, among other things:

"No oral argument will be allowed on an application for rehearing, except upon an order of the court; and if such application is granted the cause shall be assigned for rehearing, and the clerk shall notify both parties or their counsel of the time when such rehearing shall be had, and such time may be given for argument or brief as the court shall allow."

The question now presented has never been passed upon by this court, and we think the proper construction of this rule is that, when the petition for rehearing is granted, the clerk shall notify counsel when the rehearing is to be heard only upon an order of this court, and then only in case oral argument is allowed or additional briefs required by the court. What purpose could a notice to counsel serve unless either additional briefs are required or oral argument is allowed? The rule requires the motion for rehearing to be filed in 15 days, and under rule 5 notice must be given opposing counsel. Unless the notice provided for in rule 9 is intended to notify counsel that oral argument or additional briefs are required, it serves no useful purpose, because notice of the petition for rehearing has already been provided for by rule 5 (38 Okla. v, 137 Pac. ix). But in any event the action of the clerk in assigning this cause without an order of this court is unwarranted. Under the provision of the rule, such time may be given for argument or briefs as the court shall allow, and in the absence of an order of court giving time for argument on briefs, and assigning the cause for some definite time, further notice would be useless, for the case has already been submitted, is before the court, and subject to its disposition.

We therefore recommend that the petition for rehearing be denied.

By the Court: It is so ordered.