ROGERS, *Treasurer, et al.* v. DUNCAN.

No. 7130.      Opinion Filed March 28, 1916.

(156 Pac. 678.)

1.      TAXATION—Assessment of Omitted Property—Findings—Judgment. The county treasurer of Muskogee county served notice on plaintiff, under section 7449 of the Revised Laws of 1910, that certain personal property named had not been listed for taxation for the years 1908 and 1909, fixing a time and place when objections might be heard. Plaintiff appeared and filed written objections, disclaiming ownership in such property. Such objections were overruled, and the property assessed in the name of the plaintiff. Plaintiff appealed to the county court. Upon a hearing, the court found that the plaintiff had never owned or claimed

any interest in said property. Notwithstanding such finding, the court ordered the taxes to be assessed on said property in the name of the plaintiff. **Held**, that the court exceeded its jurisdiction in that part of its judgment ordering said property assessed to plaintiff.

2. **COURTS—Judgment — Taxation — Jurisdiction — Assessment of Omitted Property—Findings—Collateral Attack.** That part of the judgment of the court assessing the property in question in plaintiff's name, being in excess of the jurisdiction of the county court, was void.

3. **JUDGMENT—Void Judgment—Res Judicata—Injunction.** Plaintiff instituted suit in the superior court of Muskogee county, the purpose of which was to enjoin the sheriff from levying a tax warrant upon his property issued in pursuance of the judgment of the county court as herein recited. The sheriff and other taxing authorities pleaded the judgment of the county court as a bar to the right of relief sought in this proceeding. **Held**, that the part of the judgment of the court attempting to assess the property involved to the plaintiff, being in excess of the jurisdiction of the county court and void, constituted no bar to the right of plaintiff to the relief sought in this action.

(Syllabus by Linn, C.)

*Error from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Action by Louis Duncan against Connell Rogers, Treasurer, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Fred P. Branson, Blakeney & Maxey,* and *W. E. Disney,* for plaintiffs in error.

*Brainard & Davis,* for defendant in error.

Opinion by LINN, C. The defendant Connell Rogers, as county treasurer of Muskogee county, on the 28th day of January, 1910, gave notice in writing to plaintiff, Louis Duncan, that information had been filed in his office that plaintiff was the owner of personal property, consisting of notes and mortgages of the value of $12,000, omitted from the tax rolls for the year 1908, and $80,000 for the year

1909. The plaintiff, Duncan, appeared and filed his protest disclaiming any interest in or ownership to said property, and alleging that the same belonged to one J. L. Dabbs, a resident of California, and that the situs of said property was in the State of California. Upon a hearing of said matter the protest was overruled, and the county treasurer held that said property was subject to taxation in Muskogee county during the years 1908 and 1909. Thereupon the plaintiff, Duncan, appealed to the county court. Upon the hearing of said matter before that court, where evidence was taken pro and con, the court made extended findings of fact; the substance of that part material here being as follows: That J. L. Dabbs, prior to the 12th day of March, A. D. 1908, was the president of the First National Bank of Muskogee, and a resident of said city; that soon thereafter Dabbs removed to the State of California, where he had ever since resided; that J. W. Dabbs, the father of J. L. Dabbs, during all of said time was a resident of the State of California; that the notes and mortgages alleged to be subject to taxation as the property of the plaintiff, Duncan, were of record in Muskogee county in the name of the said Duncan, and payable to his order. The court made the following additional findings:

"I find that none of said mortgages nor the notes to secure which said mortgages were given were the property of the appellant, Louis Duncan, nor was he, on the 1st day of March, A. D. 1908, nor on the 1st day of March, 1909, the owner of any of said mortgages or notes, or of any part thereof, nor had he any interest in them.

"I find that J. L. Dabbs, while here, negotiated and arranged the loans, which were represented by the notes and mortgages described above, that the consideration for

the execution of said notes and mortgages was money of the said J. L. Dabbs loaned them, and that the appellant, Louis Duncan, did not handle any of said money as used in the making of said loans, nor does it appear that it was taken from any funds or deposit he had the right to draw upon or control the disposition of.

"I find that on the 1st day of March, A. D. 1908, J. L. Dabbs was the owner of the hereinabove mentioned notes of W. D. Brewer and Blueford Miller, and that said notes had theretofore been indorsed by said Louis Duncan and delivered to said Dabbs, and were then in the possession of said Dabbs; that on the 1st day of March, A. D. 1909, J. L. Dabbs was the owner of the hereinabove mentioned notes of Nancy E. Bird, Edward E. Estes, Albert W. Sharum, Virginia Hancock, Muskogee Wholesale Grocery Company, W. D. Brewer, and Blueford Miller; and that said notes had theretofore been indorsed by said Louis Duncan and delivered to the said J. L. Dabbs, and were then in the possession of said Dabbs.

"I find that some of said mortgages—just which ones does not appear—were taken to California by said J. L. Dabbs, and kept in his possession, while others were in the possession of said Duncan in Muskogee, but that all of said notes, to secure which said mortgages were given, were, immediately upon the execution thereof, indorsed and assigned to said Dabbs, and by him kept and retained, and were not thereafterwards returned to the possession of the appellant, except as it hereinbefore appears that some were returned for the purpose of being delivered to the makers upon payment, and none of said notes were in the possession of the said Louis Duncan on the 1st day of March, A. D. 1908, or the 1st day of March, 1909."

From the above findings of fact the court held that all of said notes and mortgages were omitted from taxation in the years 1908 and 1909, and that the same were law-

fully taxable in said county during said years. It was adjudged that the action of the said county treasurer of Muskogee county, in overruling the objection of the plaintiff, Louis Duncan, and in listing and assessing said notes and mortgages as the personal property of and taxable against the plaintiff, Louis Duncan, in said Muskogee county, in the sum of $12,000 for the year 1908, and in the sum of $80,000 for the year 1909, was regular, and should be sustained. Thereafter the said Duncan attempted to appeal from the judgment of the county court to the Supreme Court, which said appeal was dismissed for want of jurisdiction. *In re Duncan*, 43 Okla. 691, 144 Pac. 374.

The plaintiff, Duncan, in December, 1914, after the dismissal of his petition in error, filed in the superior court of Muskogee county his petition against Connell Rogers, county treasurer, the county commissioners, and J. F. Ledbetter, sheriff, the purpose of which petition was to enjoin said defendants from levying the tax warrant upon the property of the said plaintiff in an effort to collect the amount of taxes assessed against him upon the notes and mortgages described herein. Briefly stated, the petition alleged the foregoing recited proceedings, and set out in full the findings of fact and conclusions of law of the court. It alleged that the plaintiff was never the owner of, nor had any interest in, said property during any part of the years 1908 and 1909, and that said property at all the times belonged to the said J. L. Dabbs, who was, at all times mentioned therein, a resident of the State of California. He further alleged that a tax warrant had been issued and placed in the hands of the defendant Ledbetter, as sheriff, directing him to levy said

warrant upon the property of the plaintiff and sell suffi-
cient to make the amount claimed under the warrant, a
sum in excess of $6,000; that the said sheriff was threat-
ening to levy said warrant upon the property of the plain-
tiff.   It was alleged that no appeal could be prosecuted
from the judgment of the county court, and said judgment
was void as being in excess of and beyond the court's au-
thority.  He prayed for a temporary restraining order, and
on final hearing that it be made perpetual, that the pro-
ceedings of the county treasurer and the county court be
annulled and held for naught.  To this petition the de-
fendants filed a special and general demurrer.  The ma-
terial allegations were:   (4) That the petition does not
state facts sufficient to constitute a cause of action, for
the reason that no tender of the taxes had been made;
(5) that it is disclosed by said petition that an appeal had
been regularly prosecuted from the action of the county
treasurer to the county court, and a judgment of the
county court had against said plaintiff, and said judgment
has become *res adjudicata;* (6) that the plaintiff has no
remedy in equity for the reliefs prayed; (7) that the peti-
tion does not state facts sufficient to constitute a cause of
action.

Upon a hearing, the demurrer was overruled, and,
defendants declining to plead further, a decree was en-
tered, perpetually enjoining the defendant Ledbetter, as
sheriff, from further acts under said tax warrant.  From
this decree error is prosecuted, and in said petition errors
alleged are as follows:   (1) That the court erred in hold-
ing that the plaintiff, having elected to appeal from the
decision of the treasurer to the county court, was not pre-
cluded from a resort to injunction or other equitable

remedies; (2) that the court erred in holding that the judgment of the county court was void and subject to collateral attack; (3) the court erred in holding that the cause of action was not *res adjudicata.*

The first point presented by the defendants is that the plaintiff elected to prosecute an appeal from the action of the county treasurer to the county court, and, the judgment in that court being adverse to his contention, that he is bound by such election, and said judgment is a bar to the proceeding seeking an injunction. We have carefully examined the authorities cited by counsel, and are of the opinion that they do not sustain counsel's contention as applied to the facts here. It is undoubtedly true that where a party has two or more remedies open to him for the redress of any specific wrong, or for the enforcement of an existing right, and he makes an election and prosecutes his cause to a final decision, in such case he will be bound by his election, and the judgment rendered therein will preclude him from presenting the same cause of action in a different tribunal, or from pursuing an inconsistent remedy in the same tribunal. The main case upon which the defendants rely is that of *Smith v. McIver,* 9 Wheat. 534, 6 L. Ed. 152. Speaking through Chief Justice Marshall, the court in that case bases its judgment upon the ground that the plaintiff there had sought relief in a court of law, and that such court had jurisdiction to determine all the questions involved; that thereafter, when he filed his suit in equity, there was nothing alleged which would bring the cause within the jurisdiction of a court of equity; hence the court held that the judgment first rendered was a bar to the prosecution of the second suit. The court also announced the general rule that, in all cases of

concurrent jurisdiction, the court which first has possession of the subject must decide it; that the questions there involved had been decided at law, and that the plaintiff could have no right to bring them again before a court of chancery; otherwise the court of chancery would act in the nature of an appellate court to correct errors. Plaintiff's counsel do not deny the general rule to be as announced by the court in the case of *Smith v. McIver, supra,* but deny its application to the facts in the case at bar. We do not hesitate to rule that if the judgment rendered by the county court were valid, then undoubtedly plaintiff could have no relief in this proceeding without the jurisdiction of a court of equity. If valid, the things alleged in the petition would be insufficient to warrant the granting of the relief sought in this proceeding. We are of the opinion that the first point made by counsel is not well taken, for on this appeal the question of election is not controlling and decisive of the rights of the parties.

Coming to the second proposition presented, counsel earnestly contend that the trial court erred in holding that the judgment of the county court was void and subject to collateral attack. It is the contention of counsel for defendants that this proceeding is a collateral attack upon the proceedings before the treasurer and the county court, while, on the other hand, counsel for plaintiff contend that this is a direct attack upon such proceedings, and relief may be granted. We deem it unnecessary to stop to consider whether this is a collateral or a direct attack. The question as to whether or not the proceeding in equity, seeking relief in the nature of an injunction, nullifying a judgment and staying proceedings thereunder, is a direct or collateral attack upon such judgment has been the

basis of much controversy in the courts, and the decisions are not at all in harmony; many courts of high standing holding that such is a collateral attack, while others hold it to be a direct attack. We are clearly of the opinion that, unless that part of the judgment of the county court involved here is void as being in excess of the authority of the court to render, this proceeding cannot be sustained. On the other hand, if from the face of the proceedings such judgment must be held to be void, then it may be attacked collaterally. Hence we say the question as to whether or not this is a direct or a collateral attack is immaterial. That the appeal prosecuted from the decision of the county treasurer to the county court was regular, seems to be admitted. That the county court under the law had jurisdiction and authority to determine the question as to the ownership of the property involved for the purpose of taxation, is not questioned. The county courts of this state, while of limited jurisdiction, are courts of record, and in exercising the jurisdiction conferred by the Constitution are not inferior courts in the sense that their judgments may be disregarded because jurisdictional facts do not affirmatively appear upon the face of their proceedings. *Greer v. McNeal,* 11 Okla. 519, 69 Pac. 891; *Ex parte Brown,* 3 Okla. Cr. 329, 105 Pac. 577; 24 Cyc.; *Sockey et al. v. Winstock,* 43 Okla. 758, 144 Pac. 372. And this rule is not in conflict with the holding in the case of *Crump et al. v. Pitchford,* 24 Okla. 808, 104 Pac. 911, and *Ozark Oil Co. v. Berryhill,* 43 Okla. 523, 143 Pac. 173. On the other hand, the jurisdiction conferred upon the county court in the matter of determining questions on appeal from the county treasurer is purely statutory and special, and the court must remain strictly within the bounds prescribed by the statute, and it is only author-

ized to determine questions specifically provided for in the statute granting such authority, and in the particular manner therein prescribed. 11 Cyc. p. 693; *Galpin et al. v. Page,* 18 Wall. 350, 21 L. Ed. 959. That part of section 7449 of Rev. Laws 1910 material here, relative to appeals from the decision of the county treasurer to the county court, provides:

"Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same ten days' notice thereof by registered letter addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court from the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

It will be seen that the statute is rather general, and no definite procedure prescribed other than that prescribed by sections 1640 to 1644, inclusive, providing for appeals from decisions of the board of county commissioners to the district court. By referring to these sections, but little additional light is thrown upon the subject of the procedure on appeals in such matters. Section 1643 provides that appeals to the district court shall be docketed as other cases pending therein, and the same shall be heard and determined *de novo.*

From the context of section 7449, *supra,* and considering the purposes of the proceedings, it is reasonably clear that the main questions which the county court in such cases is called upon to hear and is authorized to determine, are: First, whether or not the property involved has been omitted from tax rolls for years in question; and,

second, whether or not the party proceeded against is the owner of the property, and is liable for the taxes thereon. If the statute is valid, and its validity is not called into question in this proceeding, then undoubtedly the county court was authorized and had jurisdiction to determine these questions. If the court finds as a fact that the property has not been omitted from the tax list, but that the same has been assessed and taxes paid thereon according to law by the owner for the year in question, then undoubtedly the court would not be authorized to proceed further in directing such tax to be again assessed. Or, if the court finds that the property has been omitted from the tax rolls and has not been assessed, but further finds, upon investigation, that the party proceeded against had no interest in the property, was in no way liable to list the same for assessment, and in no way liable for the taxes thereon, then certainly the court would be without jurisdiction to further proceed in directing and adjudicating that the taxes be assessed upon such property against such party, thereby making him liable for the taxes thereon. In such cases, we think it is fundamental that the county court would have no jurisdiction. The law is well settled that, in order for a judgment to be valid, not only must the court have jurisdiction over the subject-matter and of the parties sought to be brought before it, but it must have further jurisdiction to pronounce the particular judgment which it is called upon to render. 1 Freeman on Judgments, secs. 129, 212; *In re Benedictine Fathers of Sacred Heart Mission,* 45 Okla. 358, 145 Pac. 494; *Munday v. Vail,* 34 N. J. Law, 418; *Reynolds v. Stockton,* 43 N. J. Eq. 211, 10 Atl. 385, 3 Am. St. Rep. 305; *Fithian v. Monks,* 43 Mo. 502.

Whilst it is true in courts of record or of general jurisdiction, proceeding according to the course of common law in exercising their general jurisdiction, unless it appears affirmatively from the face of the judgment or the proceedings that the court exceeded its authority or jurisdiction, it will not be presumed that the court was without jurisdiction to render the judgment entered, yet many courts hold that even in courts of general jurisdiction when exercising authority specially conferred by statute, not in accordance with the regular course of procedure at common law, those things required by the statute, in order to give the court jurisdiction, must affirmatively appear of record.

The county court, when the question was before it on appeal from the county treasurer for determination, made extended findings of fact. The authority of the court to make such findings or the validity of the findings so made, are not questions in this proceeding, and it may be assumed that such findings are valid.

The court especially found that none of the property assessed by virtue of the proceedings complained of was ever owned by plaintiff; neither did he have any interest therein; neither is it claimed, nor do the facts show, that it was assessed to him as the agent of the owner.

It is further found by the court that the situs of quite a large part of the property, if not all, was in the State of California and not in the State of Oklahoma. While it is not necessary now to decide, and we refrain from so doing, it is very doubtful if any of this property under the record was subject to taxation in Muskogee county during either of the years involved. Under the findings of the court the plaintiff was in no way liable for the

taxes on this property, and could not be made so by an order of the court in this special proceeding. Section 4881, Rev. Laws 1910, provides:

"An injunction may be granted enjoining the enforcement of a void judgment, the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same."

The question arises under this record, When the court found as a fact that the plaintiff had never had any interest in the property involved, did not own or claim to own the same, then could the court lawfully proceed further and arbitrarily make a valid order, directing the taxes to be assessed against the plaintiff? If the court had authority and jurisdiction to make such an order, then, of course, although grossly erroneous, the order would not be void, and could not be attacked in this proceeding. On the other hand, if the court was without jurisdiction to enter the order made under the facts found, that is, if the court exceeded its jurisdiction in attempting to enter a judgment which it was not authorized to do under the law, then such judgment would not only be erroneous and voidable, but would be erroneous and a nullity; and if the defendants are proceeding to enforce such judgment and to carry the same into effect, this proceeding is an appropriate remedy. In re Bolin's Estate, 22 Okla. 851, 98 Pac. 934, where the question involved was right of control and possession of a certain part of the personal estate of a ward by the general guardian, and wherein the county court had directed such property of the minor in the hands of the guardian to be paid to the clerk of the court, this court, speaking through Mr. Justice Turner, held that part of the order requiring the property to be paid to the clerk

void, as being beyond the power of the court to make. The court in that case said:

"Such courts are purely creatures of statute, with certain limited statutory powers which must be strictly construed. Whenever they exceed the bounds of their statutory power, their acts to that extent are void."

Again this court, in the case of *Benedictine Fathers of Sacred Heart Mission, supra,* upon a petition for writ of *certiorari* to bring up the proceedings of the county court of Pottawatomie county relating to the taxation of certain property belonging to the petitioners therein, held, in effect, that the order of the county court holding that said property was subject to taxation was void because such property was exempt under the provision of the Constitution. In that case it was conceded that the property belonged to that class which was exempt by a provision of the Constitution. This court held, in effect, that, the facts being conceded, the county court exceeded its authority in ordering the property to be taxed; hence that part of the judgment of the county court was void. In principle, there can be no real distinction made between that case and the one now before us; there the county court undoubtedly had jurisdiction upon appeal to determine whether or not the property belonged to that class exempt under the Constitution. But, having found that it did belong to such class, it then exceeded its authority in ordering the same to be assessed; and in this case the county court had jurisdiction, on appeal from the county treasurer, to determine the question as to whether or not the property had been omitted from assessment during the years in question, and to further determine the

question as to whether or not the plaintiff owned said property, or had such interest in the same as would render him liable for the taxes thereon; but, after finding as a fact that the plaintiff had never owned or claimed any interest whatever in the property, the court then exceeded its jurisdiction in holding that the plaintiff, notwithstanding such finding, was liable to the state for the taxes on said property, and its judgment to that effect is a nullity. An assessment of personal property to a named person other than the owner, or his agent, is absolutely void. *Lake County v. Sulphur Bank Quicksilver Mining Co.,* 66 Cal. 18, 4 Pac. 876; *Ames v. People,* 26 Colo. 83, 56 Pac. 656; *Hamilton v. Fondulac,* 25 Wis. 490; *Bird v. Benlisa,* 142 U. S. 664, 12 Sup. Ct. 323, 35 L. Ed. 1151; *L'Egle v. Ry. Co.,* 21 Fla. 353. When personal property is legally assessed to the owner, not only is such property liable for the taxes, but such assessment, in a sense, if valid, becomes a personal liability against the party against whom it is assessed; and any other property owned by him is liable and subject to be sold for the purpose of paying the taxes.

It is probably true that, had the county court simply made a general finding sustaining the action of the county treasurer, and ordered the property assessed to plaintiff, and nothing had appeared upon the face of the proceedings disclosing that the court exceeded its jurisdiction, such finding would have been conclusive in this proceeding, and the plaintiff would not have been entitled to the relief prayed for; but such is not the case. To permit this tax to be collected from the plaintiff under the findings of the court in this case would be tantamount to taking his property without due process of law. It would

be fundamentally opposed to every principle of free government and of the safeguards contained in our national Constitution, as well as in that of the state. The taxing authorities would be almost, if not quite, as much warranted in selecting a certain class of individuals who, in their judgment, were more able to bear the burdens of government than other classes, and proceeding against them alone for the collection of sufficient revenues to bear the burdens of government. The statement of the proposition is sufficient to refute it.

We are constrained to hold that that part of the order or judgment of the county court directing the personal property of J. L. Dabbs to be assessed to the plaintiff, Duncan, was beyond the jurisdiction or authority of the court to make, and is therefore void. Having reached the foregoing conclusion, it will be unnecessary to further consider the third point discussed by counsel, for the reason if that part of the judgment ordering the property in question to be assessed against the plaintiff is void, and we hold it is, of course it could not be set up as bar to plaintiff's right to relief in this action.

Entertaining the views expressed herein, we hold that the judgment of the trial court must be affirmed.

By the Court: It is so ordered.