In re **ASSESSMENT OF VICTOR BLDG. & LOAN ASS'N.**
**STATE v. VICTOR BLDG. & LOAN ASS'N.**

No. 16861—Opinion Filed Sept. 14 1926.

**Taxation — Listing Omitted Property—Time for Appeal.**

Proceedings under article 13, chapter 84, Compiled Statutes 1921. to place omitted property on the tax roll, are purely statutory, and, where an appeal from the final judgment is not perfected within 60 days from the final judgment of the county court as provided by section 9799 thereof, this court is without jurisdiction, and the appeal will be dismissed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Muskogee County; W. A. Killey, Judge.

Special proceeding of the tax ferret of Muskogee County to have certain property of the Victor Building & Loan Association placed upon the tax roll. On appeal to the county court the prayer of the tax ferret was sustained in part and denied in part. Both parties have appealed. Appeal dismissed.

S. H. Lattimore, Co. Atty. (R. W. Stoutz, of counsel), for plaintiff in error.

W. W. Noffsinger and A. L. Harris, for defendant in error.

Opinion by RAY, C. This was a special proceeding commenced by the tax ferret to place upon the tax roll of Muskogee county certain property of the Victor Building & Loan Association, alleged to have been omitted from the tax roll. This appeal is by the state from the judgment of the county court. The Victor Building & Loan Association has filed its cross-petition in error, and, in its brief, suggests that the appeal should be dismissed for want of jurisdiction upon the ground that the petition in error was not filed in this court within the time required by statute.

The judgment of the county court was entered on the 24th day of June, 1925, and motion for new trial was denied the same day. The petition in error, with the case-made, was filed with the clerk of this court October 8, 1925. Article 13, chapter 84, C.

S. 1921, referred to as the Tax Ferret Law, in section 9799, provides:

"Within 60 days from the final judgment of the county court, appeal may be taken by either party to the Supreme Court of the state as other appeals are taken."

In re Duncan, 43 Okla. 691, 144 Pac. 374, it was held that the appeal to this court in such proceeding was not contemplated by section 15, art. 7, of the Constitution, and that the appeal would not lie; and in Rogers, Treasurer, et al. v. Duncan, 57 Okla. 20, 156 Pac. 678, in the body of the opinion, on page 28, the reason for such decision is more fully stated:

"* * * The jurisdiction conferred upon the county court in the matter of determining questions on appeal from the county treasurer is purely statutory and special, and the court must remain strictly within the bounds prescribed by the statute, and it is only authorized to determine questions specifically provided for in the statute granting such authority, and in the particular manner therein prescribed."

Subsequent to the decision in the case of In re Duncan, the statute was amended expressly granting an appeal to the Supreme Court from the county court in such cases. This being purely a statutory proceeding, an appeal must be filed within the time prescribed by statute to confer jurisdiction upon the Supreme Court, and an appeal filed more than 60 days after the final judgment was rendered does not confer jurisdiction upon this court to review the judgment.

For the reasons stated the appeal is dismissed.

By the Court: It is so ordered.

Note.—See 37 Cyc. p. 1116.