Rueein, Chief-Justice
 

 The application for a
 
 certio-rari
 
 is not grounded on any unfitness of the person nominated by the County Court as administrator
 
 pendente lite,
 
 or any impropriety of that court, except the refusal to allow an appeal from the order of appointment. It assumes therefore the right of appeal in such case, to be an absolute right of the applicant, as one of the next of kin. Whether it be so, is the sole question in the case.
 

 
 *169
 
 The act of 1715, (Jlev. c. 10,) gives the right of administration to the next of kin ; and directs what courts slmii take probate of wills and grant letter.? of administration. ■
 

 The act of 1777, (Ret?, c. 115, §57,) vests that power in the County Court; and.by the 53th section provides, “that any person who shall claim a right to administer, and shall think himself injured” may appeal, and the Superior Court shall ‘•determine the same, and proceed to grant the letters to the persons entitled to the same.” The question depends upon the fair construction of these enactments ; for I conceive the general words of the subsequent section (75th) by which an appeal is given from every sentence, judgment, or decree, can have no application to this subject, since it was fully provided for by
 
 the
 
 previous clauses relating specifically to it.
 

 It is obvious that the fight of appeal from an order committing administration, is not given to every person who may officiously intervene. Strangers to the order, and persons having no interest, recognized by the law, which could be affected by it, ought not, on principle to be allowed to oppose it. The Legislature did not intend to depart from this principle,” and if the words of the act were ambiguous, they ought to receive such an interpretation as would be consistent with it. But the terms of this act are in accordance with it. The right of appeal is co-relative to the right of administration, It is only-allowed to those who claim a right to administer, and in a case in which the Superior Court may, upon the appeal, grant upon the score of that right, the administration to the appellant. This intelligibly refers to the previous law, by which the right to administration is determined ; and must necessarily he restricted to the cases provided for by those laws. It cannot, for instance, be construed to give an appeal to any b.ut the widow, next of kin, or a creditor; for the words “any person who shall claim a right to administer,” must mean such person as may, according law, claim it. In like manner, it must be held that the right of appeal is given to those persons, in those cases only, in which the administration granted and. made the subject of the appeal, is
 
 *170
 
 an administration of that kind, to which the law gives a right. If an administration be granted, to which none have a legal right, and which the court of probate may, in its discretion grant to any person, that is not a ease, in which by .the words of the act, an appeal can b<y taken.
 

 The enquiry then occurs, whether an administration
 
 pendente lite
 
 is one of that kind intended to be secured to the next of kin, by the act of
 
 1715
 
 ? That act is much in terms, and precisely in substance the same with the statute 21
 
 Hen.
 
 VIII, on the subject of administrations. The construction of the English statute has been settled from a very early period after its passage ; and it is established that it extends to general administrations only — those under which distribution of the estate is made. (
 
 Toller’s Ex’rs
 
 105.
 
 William’s Ex’rs. 298.) In refer-
 
 cnee to them the statute gives a right to certain persons, which the courts of common law are
 
 obliged
 
 to recoge nize and enforce. But no writ of prohibition or mandamus ever issues from Westminster Hall, to restrain the grant, or command the revocation of a limited administration. The statute docs not extend to them, and therefore the discretion remains with the ecclesiastical court according to their own course. Whether an appeal he by those con visual lowed, or if so, what its effect is, it is unnecessary to enquire, since the appeal here must be regulated by our own legislation upon the subject. The construction however of the act of 1715, must be the same as that of
 
 lien.
 
 8, in reference to the species of administrations intended in them. They are
 
 in pari ma-teria,
 
 and the reasons upon which a particular interpretation is,put upon the one arc equally applicable
 
 to
 
 that to be put on the other, especially when our own was passed after the other had
 
 been so long
 
 expounded. If then none can “claim a right” to administration
 
 pendente
 
 lite, no one can appeal from the grant of it to another, within Use words of the act.
 

 The inconveniences of extending the act to such ad, ministrations are so great and obvious, as of themselves to furnish strong grounds for a contrary exposition.—
 
 *171
 
 Áu administration
 
 pendente lite
 
 is temporary. The ob-feet of it is not to administer the estate, but to preserve ” ,
 
 ,
 
 it, until it can be judicially determined who has the right to administer it. Such a power must exist somewhere, and would seem naturally to attach to the jurisdiction where the principal litigation is pending. Wherever it is, its efficiency depends upon its exercise being above the reach of opposition, in the sense of annulling the order, which is the effect of an appeal in one law. It is vain to possess the power if the mere will of another can entirely defeat its operation, and leave the property exposed to destruction and creditors to be delayed. For if one order can be appealed from, and the court, in consequence proceed to make a second, that again becomes the subject of appeal; and so on
 
 ad infinitum
 
 thus making it impossible to secure the property and rendering the power of commiUng such an administration futile. In such a case, the suspension of the authority is its destruction.
 

 It will be observed, that the court does not go beyond the case, which raises the naked question, whether the unqualified right of appeal exists. It is not intended to. say, that the County Court has a discretion altogether uncontrolable. Doubtless a Court of Equity might in a proper case appoint a receiver, even after an administration
 
 pendente lite.
 
 And it may also be, that the Superior Court of Law, in virtue of general superintending powers, might correct a flagrant abuse, as if the. administration be granted to one notoriously insolvent, without security, or to one interested to protract the lit igation, and with that view. But redress cannot bo had by appeal which vacates the grant; nor by
 
 certiorari,
 
 claimed on the sole ground that an appeal was refused.
 

 Since this is so, it may be useful to mention a few plain principles for the wholesome regulation of the discretion, which have the sanction of long experience. If the litigants cannot agree upon a person, it is manifestly proper to appoint 011c who stands indifferent between them and will be acceptable to the creditors. But if one of the contending parties he already in possession of
 
 *172
 
 Hie estate, and does not desire the special letters for the sake of spinning out the contest, "it would bo vexations to grant the letters to another, merely for the sake of rhang-jng the possession. It is a different thing to put one of the litigants unnecessarily in to possession. (
 
 Williams’ Ex’rs.
 
 812.)
 

 Feb Curiam — Judgment reversed.'