*In re* BENEDICTINE FATHERS OF SACRED HEART MISSION.

No. 6834.   Opinion Filed November 10, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 494.)

1.   CERTIORARI—Jurisdiction—Supreme Court. This court has power, under the provisions of section 2, article 7, of the Constitution, to issue the common-law writ of certiorari, in cases where no appeal or proceeding in error lies, to bring up the record of an inferior court or tribunal for review as to jurisdictional errors only.

2.   SAME—Judgment of County Court. Where upon appeal in a proceeding authorized under section 7449, Rev. Law's 1910, the county court exceeds its jurisdiction, by adjudging that property exempt from taxation under section 6, article 10, of the Constitution, shall be listed and assessed for taxation, a writ of certiorari will issue and such judgment will be quashed.

3.   SAME—Nature of Writ. Certiorari is not a writ of right, but is to be granted or not in the discretion of the court. Proceedings on the return are confined solely to the record of the lower court or tribunal, and the writ will issue only in cases where no appeal or proceeding in error lies, and ordinarily where the error cannot otherwise be corrected.

(Syllabus by the Court.)

Original action in this court by the Benedictine Fathers of Sacred Heart Mission for a writ of certiorari. Writ issued.

*Edward Howell* and *Arrington & Arrington,* for petitioner.

*Baldwin & Carlton,* for respondent.

BLEAKMORE, J. This is an original action in this court. The Benedictine Fathers of Sacred Heart Mission filed its petition, praying the issuance of a writ of certiorari directed to Hal Johnson, judge of the county court of Pottawatomie county, Okla., commanding him to return to this court all the record in a certain action pending in said court in the matter of the assessment of property discovered to have been omitted and not listed and assessed for taxation. The petition alleges, in substance, that the Benedictine Fathers of Sacred Heart Mission is a corporation existing under the laws of the state of Oklahoma engaged solely in religious, charitable, and educational work; that all of its property attempted to be listed and assessed for the purpose of taxation is used exclusively for religious, educational, and charitable purposes; that on the 11th day of May, 1914, one R. C. Hurst, acting as tax ferret, notified petitioner that certain of its property had not been assessed for taxation in the years 1910, 1911, 1912, and 1913, citing it to appear before the county treasurer and show cause why said property should not be assessed; that thereafter petitioner appeared before the county treasurer and set forth the facts, showing that its property was used exclusively for religious, educational, and charitable purposes, but that said county treasurer listed and assessed the same for taxation for said years; that an appeal was taken from the action of said treasurer to the county court, and that upon a hearing of said appeal evidence was introduced before said court establishing that petitioner was a corporation, under the laws of the state of Oklahoma, engaged solely in religious, educational, and charitable work, and that all of its property was used exclusively for its school and for religious and charitable purposes, but that, notwithstanding said fact, said

court held that such property was subject to taxation. It is further alleged that under the provisions of the Constitution of Oklahoma said property is exempt from taxation, and that the county court exceeded its jurisdiction in rendering said judgment; that under and by virtue of said judgment taxes upon said property will be collected to the irreparable injury of petitioner. To said petition the county judge has demurred. The issuance of the writ of certiorari was waived, and the cause heard upon the petition and demurrer as upon the writ and return.

Upon the facts admitted to be true the property of the petitioner is exempt from taxation under the provisions of section 6, article 10, of the Constitution, which provides:

"All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, * * * shall be exempt from taxation."

The proceeding for the discovery, listing, and assessing of property, as in this case, is authorized under the terms of section 7449, Rev. Laws 1910, which provides:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws, and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court for the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

It is conceded that no appeal or proceeding in error will lie

to this court from the judgment of the county court in such case. *Board of County Com'rs of Kingfisher County v. Guarantee State Bank et al.,* 27 Okla. 736, 117 Pac. 216; *State et al. v. Cawthorn's Estate,* 31 Okla. 560, 122 Pac. 522; *Asher State Bank v. Board of Commissioners of Pottawatomie County,* 31 Okla. 145, 120 Pac. 634.

The sole question in this case is whether a writ of certiorari will issue to review the action of the county court in the premises. It is contended on behalf of the county judge that, regardless of the error of the county court, its action is final, and that the writ of certiorari is not a proper remedy, and that this court is without jurisdiction to review the action of the county court in such proceedings thereby. Section 2 of article 7 of the Constitution provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of *habeas-corpus,* mandamus, *quo warranto,* certiorari, prohibition and such other remedial writs as may be provided by law, and to hear and determine the same."

It has been held that under said provision this court has the power to issue the common-law writ of certiorari to bring before it for investigation as to jurisdictional errors only the record of inferior courts and tribunals. *Baker v. Newton et al.,* 22 Okla. 658, 98 Pac. 931.

As was said in that case, no procedure is prescribed by the Constitution, nor is it provided upon what conditions the writ shall issue. The scope of a writ of certiorari was quite limited at common law, and is therefore likewise limited in this state; the proceedings upon the return are confined solely to the record of the lower court or tribunal and the writ will issue only in cases where no appeal or proceeding in error lies, and, ordinarily, where the wrong or injury cannot otherwise be corrected. The purpose

of the writ in all cases is to prevent injustice. It is not a writ of right, but is to be granted or not in the exercise of sound judicial discretion. The petition should conform to the rules of pleading at common law and allege all the facts required to confer jurisdiction on the reviewing court and the want of jurisdiction in the court below. In our opinion, the petition in the instant case is sufficient in this respect. It is undoubtedly within the power of this court, under the provision of the Constitution above quoted, to review upon certiorari the jurisdictional errors of a county court, in a case in which no appeal or proceeding in error will lie, to correct any wrong that may have been done the parties by reason of a judgment rendered without jurisdiction or in excess of the jurisdiction of the lower court. Under the facts admitted in this case the county treasurer was without authority to list or assess for taxation under any provision of the statutes of this state the property in question, specifically exempted from taxation by the provisions of the Constitution; and the county court, upon appeal from such action of the county treasurer, was equally without jurisdiction to violate the constitutional right of petitioner by adjudging that property used exclusively for its school and for religious and charitable purposes should be listed and assessed for taxation. Such invasion of petitioner's constitutional rights is an injustice which will be prevented by the writ of certiorari. It cannot be said in this state that the constitutional right of any citizen may be infringed and his property taken, under the guise of statutory authority, by any officer or tribunal, although no appeal is provided from such action. The law of Oklahoma jealously and impartially guards the interests of all the people, and will always afford a remedy to control unlawful exercise of judicial force, such as in this case, by writ issued out of this court. It is not only the province, but it is the duty, of this court in the exercise of its power under the Constitution to prevent injustice and to uphold the law in all cases.

The county court of Pottawatomie county having exceeded its jurisdiction, its judgment is a nullity, and is hereby quashed.

All the Justices concur, except KANE, C. J., absent and not participating.