## PARMENTER *et al.* v. RAY, *County Judge.*

No. 7981.   Opinion Filed June 6, 1916.

(158 Pac. 1183.)

1. **COURTS—Appellate Courts—Certiorari.** By section 2, art. 7, of the Constitution, the Supreme Court has power to issue the writ of **certiorari** as it existed at common law, as an aid in the exercise of its general superintending control over all inferior courts.

2. **CERTIORARI—Nature of Writ—Scope of Review.** The office of the common-law writ of **certiorari**, where no adequate remedy by appeal is provided, is to bring up the record of an inferior court or tribunal for review as to jurisdictional matters only.

3. **COURTS—"Jurisdiction."** "Jurisdiction" is the power to hear and determine the subject-matter in controversy between parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them. It does not relate to the

rights of the parties, as between each other, but to the power of the court.

4.    **CERTIORARI—Nature of Remedy—Existence of Other Remedy.** The common-law writ of **certiorari,** as used in this jurisdiction cannot be employed as a substitute for appeal or proceedings in error to enable the Supreme Court to review the action of the county court, or the judge thereof, in appointing as special administrator a stranger to the proceedings, and in not appointing the persons named as the executors of a will the probate of which was then in contest in the county court.

(Syllabus by the Court.)

Original petition by B. M. Parmenter and another for writ of *certiorari* to Robert J. Ray, as County Judge of Comanche County, to review an order appointing J. Conner special administrator of the estate of Abraham F. Kindt, deceased. Writ discharged.

*Charles Mitschrich,* for plaintiffs.

*Johnson & Stevens,* for contestant Kindt.

SHARP, J. This is an original proceeding for a writ of *certiorari,* having for its purpose a review of the action of the county court of Comanche county appointing J. Conner special administrator of the estate of Abraham F. Kindt, deceased. Upon the filing of the petition by B. M. Parmenter and W. E. Hudson, praying for the writ, the same was issued out of this court, and return thereof, with a transcript of all proceedings had in said county court, was in due time made.

The case in brief presents the following state of facts: A petition for the probate of the will of Abraham F. Kindt, deceased, having been filed in the county court of Comanche county, a contest was filed by Josiah Kindt, a brother of the deceased. In the will sought to be probated, B. M. Parmenter and W. E. Hudson, the proponents thereof, were named as executors. While said contest was pending, and on January 8, 1916, Josiah Kindt filed a petition, asking

that he be appointed special administrator of the estate of his deceased brother, and on January 10th following, Hudson and Parmenter filed an application, asking that they be appointed special administrators of said estate.   A hearing on sa'd petitions being had, the court found that neither of the petitioners should be appointed special administrator or administrators, but from the stipulations entered into found that a necessity for the appointment of a special administrator existed, and that it was for the best interests, both of the estate, the proponents, and contestant of the will, that a disinterested person be appointed special administrator, whereupon Conner was appointed to said office.   Prior to the service of the writ of *certiorari,* said Conner gave bond and duly qualified as special administrator.   Immediately after service of the writ, the county judge made an order, directing said special administrator to proceed no further until action by this court in the *certiorari* proceeding.

Section 6282, Rev. Laws 1910, confers express authority upon the judge of the county court to appoint a special administrator, to collect and take charge of the estate of the decedent, and to exercise such other powers as may be necessary for the preservation of the estate, when there is delay in granting letters testamentary, or of administration, from any cause; or when such letters are granted irregularly; or no sufficient bond is filed as required; or when no application is made for such letters; or when an administrator or executor dies, or is suspended or removed.   The appointment is made without notice, by entry upon the minutes of the court, specifying the powers to be exercised by the administrator.   By section 6284:

"In making the appointment of a special administrator, the judge must give preference to the person entitled

to letters testamentary or of administration, but no appeal must be allowed from the appointment."

It is the contention of the plaintiffs that as they were named as executors in the will presented for probate, by virtue of the statute, they should have been appointed special administrators, and that the court exceeded its jurisdiction in making an order appointing a stranger special administrator; and that the action of the county court should be corrected by this court pursuant to section 2, art. 7, of the Constitution, providing:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law"

—and which section also confers upon the Supreme Court the power to issue writs of *certiorari,* and to hear and determine the same. This provision of the Constitution was first before the court in *Baker v. Newton et al.,* 22 Okla. 658, 98 Pac. 931, where it was held that, the writ of *certiorari* having been previously abolished by statute, it must be taken that the framers of the Constitution, and the people who adopted it, intended to authorize the writ as it existed at common law, as an aid to the Supreme Court in the exercise of its general superintending control over all inferior courts. It was said that the office of the writ of *certiorari* at common law was to bring up the record of an inferior court or tribunal to a superior court for investigation as to jurisdictional errors only. This opinion has been followed in a number of cases, among which is *Palmer v. Harris,* 23 Okla. 500, 101 Pac. 852, 138 Am. St. Rep. 822; *In re Benedictine Fathers of Sacred Heart Mission,* 45 Okla. 358, 145 Pac. 494. In the latter case it was said:

"It is undoubtedly within the power of this court, under the provision of the Constitution above quoted, to review upon *certiorari* the jurisdictional errors of a county court, in a case in which no appeal or proceeding in error will lie, to correct any wrong that may have been done the parties by reason of a judgment rendered without jurisdiction or in excess of the jurisdiction of the lower court. Under the facts admitted in this case the county treasurer was without authority to list or assess for taxation under any provision of the statutes in this state the property in question, specifically exempted from taxation by the provisions of the Constitution; and the county court, upon appeal from such action of the county treasurer, was equally without jurisdiction to violate the constitutional right of petitioner by adjudging that property used exclusively for its school and for religious and charitable purposes should be listed and assessed for taxation."

An error of judgment on the part of a judge or officer, either as to the facts or the law of the case, could not at common law be inquired into and corrected by *certiorari,* as the common-law writ of *certiorari* removed only the record, or entry in the nature of the record, of the proceedings of the court below, whereby only the jurisdiction and regularity of its proceedings could be reviewed. *Hamilton v. Town of Harwood,* 113 Ill. 154; *Miller v. Trustees of Schools,* 88 Ill. 26; *Tallmadge v. Potter,* 12 Wis. 318; *Hunt v. City of Jacksonville,* 34 Fla. 504, 16 South. 398, 43 Am. St. Rep. 214; *Buckner, Ex parte,* 9 Ark. 73; *State ex rel. Thompson v. Dist. Court,* 23 Nev. 243, 45 Pac. 467.

As authorized by statute in a number of states, the authority of the court is not limited to questions of jurisdiction and regularity. In such jurisdictions the court has the power to examine the decisions of the court or officer upon questions of law, and to look into the evidence, and affirm, reverse, or quash the proceedings, as justice may

require.    2 Spelling on Injunctions and Extraordinary Legal Remedies, sec. 1891.    According to the rule announced in the former opinions of this court, the inquiry presented is:    Did the county court have jurisdiction to appoint Conner special administrator?    The statute, we have seen, confers the power and makes it the duty of a judge of the county court to appoint special administrators in cases such as that presented by the return to the writ. It is for not observing section 6284 that it is claimed the order made by the court is invalid. Plaintiffs do not contend that the court did not have jurisdiction to appoint a special administrator; indeed, they themselves invoked the jurisdiction of the court for this very purpose.    But they say that the court ignored their rights and that they are aggrieved thereby, and that as the statute permits no appeal to be taken from the order, there is no other means of review than by *certiorari*.    By statute the court had the power in proper cases to appoint a special administrator, and it was agreed that the facts presented a proper case for the appointment of such administrator.    This office, each of the petitioners sought, and it is only of the action of the court in naming another to act that plaintiffs here complain.    Whether the court erred as a matter of law in not appointing the executors named in the will as special administrators is unnecessary to a determination of the case before us.    This right is given by statute to the person "entitled" to letters testamentary.    But as the will, naming the executors, was attacked, both on the ground of want of testamentary capacity and undue influence on the part of the executors named, there may be room for doubt, in such case, whether the executors named were "entitled to letters testamentary" within the meaning of the statute. However, for the purposes of this decision, it may be con-

ceded that the court committed error in appointing Conner; but from this it does not necessarily follow that the court acted without or in excess of its jurisdiction. Errors of law in making an order should not be confounded with the power of the court to make the order. The latter only involves jurisdiction; the former, the exercise of jurisdiction. In *State of Rhode Island v. State of Massachusetts,* 12 Pet. 718, 9 L. Ed. 1233, upon the question of jurisdiction the rule is aptly stated:

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to the suit, to adjudicate or exercise any judicial power over them. The question is whether, on the case before a court, their action is judicial or extrajudicial; with or without authority of law to render judgment or decree upon the rights of the litigant parties. If the law confers the power to render judgment or decree, then the court has jurisdiction."

And in *Ex parte Watkins,* 32 U. S. (7 Pet.) 568, 8 L. Ed. 786, it is said:

"The jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it; but upon its right to hear and decide it at all."

A case squarely in point is that of *Dahlgren v. Superior Court of Santa Cruz County,* 8 Cal. App. 622, 97 Pac. 681. It seems that sections 1411 and 1413 of the Code of Civil Procedure of the State of California, in respect to the question here involved, are the same as sections 6282 and 6284, Rev. Laws 1910. It further appears that in California, as here, *certiorari* cannot be used as a writ of error to correct errors of the trial court within its jurisdiction. The question presented to the court there, as appears from the opinion, was:

"Has the court jurisdiction to appoint as special adminstrator of an estate a stranger to the estate in the face

58—2

of the petition of a daughter and heir at law and devisee and legatee of decedent for her appointment as such special administratrix?"

It was urged that the court in making its order acted without and in excess of its jurisdiction, in that it had no jurisdiction to appoint a stranger to the estate, as against the daughter, who was not incompetent or otherwise disqualified. Attention was called to the several sections of the statute relative to the appointment of special administrators, and particularly to the section of the statute which corresponds to section 6284 of our statute, respecting the preference right to administration; and it was said:

"It is for ignoring the order of preference fixed by section 1365 of the Code of Civil Procedure, without a showing of incompetency on the part of the petitioner, that it is now claimed that the order made by the court is without or in excess of its jurisdiction."

And answering the contention, the court said:

"For the purpose of this decision it may be conceded that the court committed gross error in so doing; but from this it does not necessarily follow that the court acted without or in excess of its jurisdiction. Jurisdiction is generally defined as the power to hear and determine a cause. This is the definition given by the standard law dictionaries (Bouvier; Anderson). It necessarily carries with it the power to decide a given cause or controversy within the jurisdiction of the court incorrectly as well as correctly."

It was said, citing *People v. Sturtevant*, 9 N. Y. 263, 59 Am. Dec. 536:

"Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court."

It was observed by the court that the language used was particularly appropriate to the case at bar, for it must be conceded that the court had the power to appoint a spe-

cial administrator, and under certain conditions might rightfully and without error appoint either one of the applicants then before it. As the county court had jurisdiction to appoint a special administrator, its action in doing so was but an exercise of that jurisdiction; and, however erroneous such ruling may be, it would only be an error of law, in no manner subject to review by an original proceeding in this court. In *Sherer v. Superior Court*, 96 Cal. 653, 31 Pac. 565, an application was made for a writ of *certiorari* to the superior court. It seems that the court had erroneously stricken an answer filed by the defendant, and entered judgment against him without further trial, in a case on appeal from a justice court. In denying the application, the court said:

"The superior court committed a very grave error in striking out the answer of petitioner filed in that action, and in rendering judgment against him without any further trial, and as if he was in default. But the motion asking the court for such order and judgment was regularly submitted to it, and was clearly within its jurisdiction to decide, and, this being so, its judgment thereon cannot be annulled by means of the writ of *certiorari*. It must be deemed to be the settled law of this state that the writ of *certiorari* brings up for review but one question, and that is whether the inferior tribunal or court exceeded its jurisdiction. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction. *Railroad Co. v. Placer Co.*, 46 Cal. 668; *Buckley v. Superior Court*, 96 Cal. 119, 31 Pac. 8. Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made."

The majority opinion in *Re Ming*, 15 Mont 78. 38 Pac. 228, relied on by plaintiffs, holding that the action of the court in appointing the public administrator as special administrator, while one next of kin, to whom the statute

had given prior right to the office of both general and special administrator, sought such appointment, was in excess of the jurisdiction, is, we think, both unsound in principle and opposed to authority.  The case, as already indicated, involved the appointment of a special administrator under statutes similar, in many respects, to ours.  The district court had suspended the executrix, and appointed the public administrator as special administrator, and ordered that he take charge of the estate.  This order was attacked on *certiorari* as being without jurisd'ction; and it was so held.  The dissenting opinion, to the effect that the court in making the appointment both had and exercised juris-diction, more nearly commends itself to our judgment. The majority opinion is crit'cized by the California Court of Appeals, in *Dahlgren v. Superior Court, supra,* where it was said:

"The entire argument of the court is devoted to showing that under the laws of Montana the children were entitled to preference, and the court in its opinion nowhere discusses what constitutes jurisdiction, or attempts to draw any distinction between error of law merely and want of jurisdiction."

And it was said that the conclusion reached in the prevailing opinon did not commend itself to the judgment of the court.

It is true that the statute affords no means by which an appeal may be prosecuted from the order appointing a special administrator.  It should be borne in mind, however, that the office of a special administrator is but temporary.  In the case at bar, the object of it is not to administer the estate, but to preserve it until it can be judicially determined who has the right to administer.  A special administrator is more completely under the direction

and control of the county court than a general administra-
tor. The special administrator's authority is limited, and
*ex vi termini* ceases the moment the occasion for his ap-
pointment ends. If the will is established, he will be at
once superseded by the executors; or, if occasion requires,
by administration with the will annexed. If, on the other
hand, the will is overruled and its probate denied, admin-
istration at large will be granted to those who by law may
be entitled to it. *Davenport v. Davenport,* 68 N. J. Eq.
611, 60 Atl. 379, 6 Ann. Cas. 261; *Pratt v. Kitterell,* 15 N.
C. 168. No great hardship can arise in such cases from a
failure to provide for an appeal. We believe the statute
denying an appeal in such instances to be the part
of sound wisdom. If an appeal in such cases were
permitted, then there would be no one to look after the
estate pending the determination of the contest. As said
in *Pratt v. Kitterell, supra*:

"An administration *pendente lite* is temporary. The
object of it is not to administer the estate, but to preserve
it, until it can be judicially determined who has the right
to administer it. Such a power must exist somewhere, and
would seem naturally to attach to the jurisdiction where
the principal litigation is pending. Wherever it is, its
efficiency depends upon its exercise being above the reach
of opposition, in the sense of annulling the order, which is
the effect of an appeal.  *  *  *  It is vain to possess the
power if the mere will of another can entirely defeat its op-
eration, and leave the property exposed to destruction and
creditors to be delayed. For if one order can be appealed
from, and the court in consequence proceeds to make a
second, that again becomes the subject of appeal; and so
on *ad infinitum,* thus making it impossible to secure the
property, and rendering the power of committing such an
administration futile. In such a case, the suspension of
the authority is its destruction."

The writ should be discharged; and it is so ordered.

KANE, C. J., and TURNER and HARDY, JJ., concur;

THACKER, J., absent and not participating.