## GRADY COUNTY et al. v. CHICKASHA COTTON OIL CO.

## STATE et al. v. SAME.

Nos. 7837, 7913—Opinion Filed April 10, 1917.

(164 Pac. 457.)

(Syllabus by the Court.)

1. **Taxation—Assessment—Review — Jurisdiction—Judgment of County Court—Discovery of Omitted Taxable Property.**

Neither the Supreme Court nor the district court has jurisdiction to review upon appeal or by petition in error an order or judgment of the county court made in a proceeding pending before said court upon appeal from the action of the county treasurer in proceedings instituted pursuant to the statutes governing the discovery of omitted taxable property.

2. **Certiorari—Scope of Remedy—Jurisdiction of Inferior Court—Errors of Law.**

The common-law writ of certiorari as used in this jurisdiction brings up for review but one question, and that is whether the inferior tribunal or court kept within or exceeded the jurisdiction conferred upon it by law. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction.

Original application by Grady County and others and the State of Oklahoma and others for a writ of certiorari to review the action of the County Treasurer of Grady County, the County Court of that County, and the District Court of the Fifteenth District Court Judicial District in the matter of a certain proceeding instituted on relation of the tax inquisitor of Grady County against the Chickasha Cotton Oil Company to assess its omitted property. Writ denied.

Jno. H. Venable, Co. Atty., and A. K. Swan, Asst. Co. Atty. (J. P. Whittinghill, of counsel), for plaintiffs in error.

Keaton, Wells & Johnston and Bond, Melton & Melton, for defendants in error.

KANE, J. This is an original application for a writ of certiorari for the purpose of reviewing the action of the county treasurer of Grady county, the county court of said county, and the district court of the Fifteenth district court judicial district, in the matter of a certain proceeding instituted on relation of the tax inquisitor of Grady county against the Chickasha Cotton Oil Company, in which

it was sought to assess as omitted property the capital, surplus, and undivided profits of said company at its principal place of business in Grady county, after it had rendered for taxation in the various other counties where located the greater portion of its tangible property in the manner prescribed by law for the assessing of the property of natural persons. After a full hearing, the county treasurer found that inasmuch as the Chickasha Cotton Oil Company had rendered and assessed its property located in the several counties of the state of Oklahoma for taxation, where located, for the years covered by the complaint of the tax inquisitor, the capital stock of said corporation being invested in such properties, the moneyed capital of such corporation was not subject to assessment in Grady county. Wherefore it was ordered and adjudged that these proceedings be, and the same thereby were, dismissed with prejudice. Thereafter, and in due time, the county of Grady, on behalf of itself and the state of Oklahoma, school district of Grady county No. 1, and the city of Chickasha, served notice of appeal upon the respondent. Whereupon the entire record before the county treasurer of Grady county was filed by the tax ferret in the county court of Grady county. Thereafter the Chickasha Cotton Oil Company moved the county court to dismiss these proceedings, for the reason that said court had no jurisdiction of the parties, and no jurisdiction of the subject-matter involved, which motion was sustained by the county court and an order entered dismissing said proceeding for want of jurisdiction. Proceedings for a writ of certiorari were then commenced in the Supreme Court wherein it was sought to review the proceedings and judgment of the county court, and also the proceedings of the county treasurer, which petition for a writ of certiorari was denied by this court on the 2d day of February, 1915, for want of proper parties defendant. State v. Chickasha Cotton Oil Co., 45 Okla. 472, 146 Pac. 433. On the 13th day of November, 1914, the plaintiffs in error herein filed a petition for writ of error in the district court of the Fifteenth district court judicial district sitting for and in Grady county. Thereafter respondent moved said court to dismiss said petition for writ of error, for the reason that it is shown upon the face of said petition and the exhibits attached thereto and referred to therein that this court has no jurisdiction therein, which motion was sustained and the proceedings dismissed for want of jurisdiction.

As to the question involved in cause No. 7913, wherein the action of the district court is sought to be reviewed, it is sufficient to say that it has been settled beyond perad-venture in this jurisdiction that neither the Supreme Court nor the district court has jurisdiction to review upon appeal or by petition in error an order or judgment of the county court made in a proceeding pending before said court upon appeal from the action of the county treasurer in proceedings instituted pursuant to the statutes governing the discovery of omitted taxable property. This for the reason, as stated by the court, that there is no statute which authorizes an appeal in such proceedings from the county court to any other court. Bd. County Com'rs of Kingfisher County v. Guaranty State Bank, 27 Okla. 756, 117 Pac. 216; Asher State Bank v. Bd. County Com'rs, 31 Okla. 145, 120 Pac. 634; State et al. v. Cawthorn's Estate, 31 Okla. 560, 122 Pac. 522; McAlester Trust Co. v. Watson, County Treas., 45 Okla. 607, 146 Pac. 586. In view of these cases, it follows, of course, that the district court was right in declining to review by appeal the action of the county treasurer and the county court.

It is next contended on behalf of respondent that certiorari is not a proper remedy to compel a taxing officer to make an assessment or to review the correctness of a decision of an inferior court declining to take jurisdiction of the cause or proceeding. And this contention seems to be conceded by counsel for petitioner, unless this court overrules several of its former opinions, which, they say, are against the weight of authority. In Baker v. Newton, 22 Okla. 658, 98 Pac. 931, In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 362, 145 Pac. 494, Tiger et al. v. Creek County et al., 45 Okla. 701, 146 Pac. 912, and Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, this court has held that the office of the writ of certiorari at common law is to bring up the record from an inferior court or tribunal to a superior court for investigation as to jurisdictional errors only. These cases state the rule to be that, whilst it is undoubtedly within the power of this court under the supervisory power conferred upon it by the Constitution to review by certiorari the jurisdictional errors of any inferior court or board in a case in which no appeal or proceeding in error would lie, still the writ will issue only for the purpose of correcting such wrong as may have been done the parties by reason of a judgment rendered without jurisdiction, or in excess of jurisdiction. Generally, the final judgment sustaining a writ of certiorari goes no further than to declare void such proceedings of an inferior tribunal as are beyond or in excess of its jurisdiction. It will be observed that the petitioner herein is not seeking to have the proceedings of the county treasurer or county court quashed or set aside because said tribunals have exceeded

their jurisdiction, or for illegality in the mode of procedure, but are praying this court to require said inferior tribunals to take jurisdiction for the purpose of revising their conclusion on a question of law, and to make an assessment of certain personal property alleged to have been omitted during a series of preceding years. The county treasurer assumed jurisdiction of the cause, and, after a full investigation, found in effect that, the petitioner having formerly returned all of its tangible property for taxation, no duty remained for him to perform under the omitted property statute. As in making this ruling the treasurer neither acted without jurisdiction nor in excess thereof, clearly the case at bar is not distinguishable from the former cases wherein the court has held that, whilst certiorari is the appropriate writ by which courts vested with a superintending control and supervision over all inferior boards or courts created by law review such proceedings or acts of the latter as are of a judicial nature, still the purpose of the writ is to determine whether such inferior tribunals have kept within or exceeded the power conferred upon them by law. As was held in one of those cases (Parmenter v. Ray, County Judge, supra) :

"The common-law writ of certiorari as used in this jurisdiction brings up for review but one question, and that is whether the inferior tribunal or court kept within or exceeded the jurisdiction conferred upon it by law. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction."

For the reasons stated, the writ is denied.

SHARP, C. J., and HARDY, TURNER, and THACKER, JJ., concur.