## HARRIS et al. v. DISTRICT COURT IN AND FOR NOWATA COUNTY.

No. 9857—Opinion Filed April 30, 1918.

Rehearing Denied June 4, 1918.

(173 Pac. 69.)

(Syllabus.)

**Certiorari—Purpose of Writ—Correction of Errors.**

The writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction.

Original application for writ of certiorari by Henry Harris and another to review the judgment of the District Court in and for Nowata County. Writ denied.

W. H. Vann, for plaintiffs.

OWEN, J. This is an original application for writ of certiorari for the purpose of reviewing the judgment of the district court rendered in the case of Nelson & Co. v. Henry Harris and Ada Harris et al., No. 2586, of the district court in and for Nowata county, and more particularly the action of the court in issuing a writ of assistance in that cause dispossessing Henry Harris and Ada Harris of certain lands.

The petition alleges, in substance, that in said cause No. 2586 judgment was rendered against these petitioners on certain promissory notes and foreclosing a mortgage to secure the payment of same; sale of the land in satisfaction of that judgment, and objections by these petitioners to the confirmation of the sale; that upon rendition of the judgment confirming the sale they prayed an appeal to this court and were granted 15 days within which to prepare and serve the case-made. Before the expiration of the time within which they were allowed to perfect their appeal, a writ of assistance issued dispossessing these petitioners from the lands and premises described in the mortgage. There is no allegation that the court exceeded its jurisdiction in rendering the judgment confirming the sale, or that the judgment was superseded.

The writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction. Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183; Grady County et al. v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 Pac. 457.

The writ is denied.

All the Justices concur.