## COON et al. v. ROBINETT, County Supt.

No. 18990. Opinion Filed Feb. 12, 1929.

T. G. Cutlip, for plaintiffs in error

Clarence Robison, for defendant in error.

FOSTER, C. This action was begun in the district court of Pottawatomie county by D. E. Coon and W. M. Shannon filing a petition praying that a writ of certiorari issue to the county superintendent of said county. A writ was issued directing the county superintendent to produce the original record in her office pertaining to the dissolution of school district No. 101, and attaching the same to consolidated district No. 6.

The petition for a writ of certiorari shows that the plaintiffs are residents of district No. 101; that there was filed with the county superintendent a petition asking for the dissolution of school district No. 101, and annexing all of the territory to consolidated district No. 6; that said petition appeared upon its face to have 27 signers, while in truth only about 15 or 16 legal electors had signed the same, which was less than 50 per cent. of the qualified electors of said district No. 101, and that the total number of electors of said district was 36: that prior to the making of the order dissolving said district and attaching it to consolidated district No. 6. these plaintiffs, together with several other citizens named. filed a protest with the county superintendent, which, in substance. alleged that many of the signers on the petition filed with the county superintendent were not legal electors. and that regardless of this fact being called to the attention of the county superintendent, the order was made.

There is attached to this petition an affidavit of the attorney for plaintiffs, and also

.an affidavit of one of the plaintiffs, to the effect that they filed the protest with the county superintendent as above indicated.

The return of the county superintendent showed that on June 30, 1927, there was filed with her a petition signed by 27 legal electors of school district No. 101, in due form as required by law; that attached to said petition was an affidavit stating that all the signers were legal voters of said district and were more than 50 per cent. thereof; that, pursuant to said petition, she gave 20 days' notice that said district No. 101 would be attached to consolidated district No. 6, which notice was posted as required by law in both of the districts affected; that after making the order consolidating the districts, she gave a 10-day notice to the effect that the consolidation had been made, and if no appeal was taken within the 10 days, she would complete the change. There also appears â consent of the board of directors of consolidated district No. 6 agreeing to said change.

The return also contains the following order:

"School district No. 101, Pottawatomie county, Okla., was dissolved June 30, 1927, and all territory included in that district was attached to consolidated district No. 6, Pottawatomie county, Okla. This was done after the petition was filed and notice posted according to law.

"(Signed) Celestia Robinett,
"County Superintendent."

The case was tried upon the issues formed by the petition and the answer and return; no oral testimony being introduced. The plaintiffs filed a motion to quash the return and cancel the order of consolidation. Consolidated school district No. 6 and certain citizens of district No. 101 filed a motion to dismiss the petition for a writ of certiorari. The court made an order dismissing the petition for a writ of certiorari, and from this order, this appeal is perfected.

There are several assignments of error, but the entire proposition presented by the plaintiffs seems to us to be, whether or not the petition filed with the county superintendent contained a sufficient number of legal voters to give her jurisdiction to make the order of consolidation. No objection is made as to the manner in which the county superintendent gave the notices.

It is first contended that, in order for a county superintendent to have jurisdiction in a case of this kind, a petition must be filed, signed by 50 per cent. of the legal electors of said district. That part of section 10462 which affects this case is as follows:

"That all or a part of any district adjacent to a consolidated district shall be attached to and become a part of said district upon petition to the county superintendent, signed by a majority of the legal voters of such territory desiring to be attached, and by the board of directors of such consolidated district."

It seems to be settled that a majority of the legal voters is necessary in order to give the county superintendent jurisdiction. Mills v. Lynch, 121 Okla. 101, 247 Pac. 981.

However, the return of the writ of certiorari shows that more than 50 per cent. of the legal voters signed the petition, and it is well settled in actions for a writ of certiorari that the only question to be determined is the jurisdiction of the court, and that a writ brings up for review the sole question of whether or not the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by an inferior tribunal within the limits of its jurisdiction. Harris v. District Court, 68 Okla. 231, 173 Pac. 69; Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 Pac. 457; Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183.

Plaintiffs contend that the jurisdiction of the county superintendent does not appear on the face of the record. With this we cannot agree. It is true that the petition for the writ and the other affidavits attached thereto allege that less than 50 per cent. of the legal voters signed the petition filed with the county superintendent, but the return of the county superintendent contradicts this.

Plaintiffs contend that, where a case is heard upon the petition and return, all the material facts pleaded in the petition and not controverted by the return are taken as true. Collins v. Holyoke, 146 Mass. 298. From an examination of that case, it appears to hold that, where the allegations of the answer are not controverted, they will be taken as true, and this seems to be the generally followed and most acceptable rule.

Plaintiffs rely to a large extent upon their alleged protest filed on or about June 1st before the order of consolidation was made. The answer denies that any such protest was filed. However, assuming that such protest was filed, it would present only a question of fact to be determined by the county superintendent, and, since she made the order of consolidation, it will be presumed that this fact was decided against plaintiffs' contention and they had a right to appeal. Under such circumstances, the question cannot be determined in this action.

By section 10472, C. O. S. 1921, it is provided that in matters relating to consolidated districts, where not otherwise provided, the law relating to school districts shall be followed; and section 10321 provides for the method of changing the boundaries of districts and adding territory to other districts by the county superintendents in the manner in which she proceeded in this case, and further provides for an appeal to the board of county commissioners. There is no allegation that the plaintiffs were denied their right of appeal.

Plaintiffs further contend that the order made by the county superintendent should contain the jurisdictional facts, and, since in this case no jurisdictional facts are shown in said order, it should be canceled. With this contention we cannot agree. The whole record may be gone into to determine whether or not the county superintendent had jurisdiction.

There is a statement in the brief of the defendant that this matter has heretofore been appealed from the county superintendent to the board of county commissioners, and this statement is not denied, but the record does not show any such appeal. The court may have taken this into consideration in the determination of this matter.

However, regardless of whether or not an appeal has been taken to the board of county commissioners, we believe the record amply supports the finding of the court that the county superintendent had jurisdiction of this matter.

The judgment is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Certiorari," 11 C. J. §346, p. 191, n. 70, 73, §363, p. 203, n. 65. "Schools and School Districts," 35 Cyc. p. 837, n. 3.