## SCHOOL DIST. NO. 20, CARTER COUNTY, v. WALDEN, Dist. Judge.

No. 21511. Opinion Filed Sept. 9, 1930.

Rehearing Denied Nov. 11, 1930.

than 18 months, and is not qualified to hold the office of director of said school district.

"2. That the said J. E. Cruce, as director of said school district, has failed and re-fused to perform the duties enjoined upon him by the Constitution and laws of the state of Oklahoma

"3. That the said J. E. Cruce, as such director of said school district, has failed, refused, and neglected to attend the regular meetings of said school board as required by law.

"4. That the said J. E. Cruce, as director of said school district, has wholly failed, refused, and neglected to visit said school, and has failed to examine the register of said teacher of said school and inquire into the matters touching the school facilities, as set forth in section 10372, C. O. S. 1921.

"5. That the said J. E. Cruce, as director of said district, has drawn warrants upon the funds of said district without being authorized by the said district board.

"6. That the said J. E. Cruce, as director of said district, has failed and refused to call monthly meetings of said district board, and has failed to hold monthly meetings of said board as required by the laws of the state of Oklahoma."

That the said J. E. Cruce filed an answer to said charges; that on the 25th day of June, 1930, the petitioners appeared by their attorneys and J. E. Cruce appeared by his attorneys and evidence was taken and argument made, and that, at the conclusion of the hearing, the county superintendent made an order removing the said J. E. Cruce from office, effective June 30, 1930.

Brett & Brett, for petitioners.

Champion, Champion & Fischl, for respondent.

ANDREWS, J. The record in this case shows that there was filed with the county superintendent of public instruction of Carter county, a petition signed by patrons of school district No. 20 of Carter county, Okla., asking for the removal from office of one J. E. Cruce, a member of the school board of that district, on the ground that he was not a resident of said school district: that thereafter, there was filed with the same officer a petition signed by A. L. Senter, asking for the removal from office of J. E. Cruce, on the grounds set out therein, as follows, to wit:

"1. That since the election and qualification of the said J. E. Cruce as director of said school district, he has removed his place of residence from said district and has not resided in said district for more

On June 28, 1930, the said J. E. Cruce filed in the district court of Carter county, Okla., his petition against the said A. L. Senter and the county superintendent of public instruction alleging that said removal was without authority of law and that there was no right of appeal therefrom and praying for a writ of certiorari to issue and that further proceedings by the county superintendent of public instruction be stayed pending the hearing of the return and response to the writ. Notice was served on A. L. Senter and the county superintendent of public instruction that the application would be heard before the district court of Carter county, Okla., at the district court room at Marietta, Okla., on June 30, 1930. On the 30th day of June, 1930, the Honorable Asa E. Walden, district judge of said district, granted the writ prayed for at the district court room at Ardmore in the absence of the county superintendent of

public instruction, but in the presence and with the consent of one of the attorneys for A. L. Senter. The county superintendent was not present in person or by counsel. He had gone to Marietta in response to the notice and was there at the time the writ was granted. The writ fixed the time for return thereunder at 45 days and further proceedings were ordered stayed pending the hearing and determination of the questions involved.

Thereafter, and prior to the service of the writ, the county superintendent made an order appointing R. L. Thomason to fill the vacancy caused by the removal of J. E. Cruce from office.

Thereafter the said court made its order making Thomason a party defendant; enjoined him from performing the duties of the office to which he had been appointed; enjoined the county superintendent of public instruction from interfering with J. E. Cruce in the discharge of his duties as a member of the school board; directed the county superintendent of public instruction to recognize the said J. E. Cruce as a member of the school board; enjoined the county superintendent from recognizing Thomason as a member of the school board; enjoined Thomason and Senter from acting as the school board and from interfering with Cruce in the exercise of his duties as a member of the school board and enjoined a school teacher employed by the reorganized board from acting as such teacher. This was on July 1st.

Thereupon this proceeding was filed in this court seeking to prohibit the said Asa E. Walden as such district judge from further proceeding therein and from enforcing said orders.

The proceeding in the district court of Carter county was for a writ of certiorari to the county superintendent of public instruction of Carter county. He was the public official and he constituted the tribunal whose record was to be sent to the district court of Carter county. The inclusion of A. L. Senter as a defendant in that proceeding was unnecessary. The court acquired no jurisdiction to make any order in that case affecting the county superintendent of public instruction by service upon the said A. L. Senter. The writ commanded the county superintendent of public instruction to send up the record. In so far as the writ stayed further proceedings by the county superintendent of public instruction it was a valid order. In so far as the district court of Carter county attempted to enjoin A. L. Senter from acting

as a member of the school board of which he was a member it was void. In so far as the order of that court attempted to restore J. E. Cruce to the position on the school board from which he had been removed prior to a hearing of the response to the writ of certiorari the order was void. The purpose of the proceeding in Carter county was to review the record of the county superintendent of public instruction and to restore Cruce to his office if the county superintendent of public instruction did not have the jurisdiction to remove him from that office. There is no authority in a district court in a proceeding for a writ of certiorari to restore a removed officer to office pending a hearing of the response to the writ. If upon the hearing of the response to the writ it is adjudged that the school district officer was removed by the county superintendent of public instruction without authority of law in that officer, the subsequent proceedings would be to restore him to his office.

We think that the orders of the district court of Carter county and the district judge thereof, Asa E. Walden, are void and unenforceable and the enforcement thereof should be prohibited, in so far as they direct other than that the county superintendent of public instruction send up the record of the proceedings had before him and in so far as they stay further proceedings by the county superintendent of public instruction in the removal of J. E. Cruce from office.

Had the county superintendent of public instruction been given notice of the hearing of the application before the district court of Carter county he would have been bound by the writ issued therein from the time that he had knowledge thereof. But when he was notified to appear at Marietta and while there, in response to said notice, the writ was issued at Ardmore, without notice to him, he, as a public official, would be bound by the writ only from the time that it was served upon him. Before the writ was served upon him he had made the appointment of Thomason to fill the vacancy caused by the removal of Cruce. If the removal of Cruce is valid, the appointment of Thomason is valid. The district court of Carter county had no jurisdiction in a certiorari proceeding to enjoin Thomason from acting as a member of the school board.

The district court of Carter county had no jurisdiction in a proceeding for a writ of certiorari to enjoin the teacher employed by the reorganized board from teaching

school. That order was without authority of law.

It is contended by the respondents herein that the county superintendent of public instruction removed Cruce by an order which read as follows:

"A petition was filed with the county superintendent on the 10th day of June, 1930, setting forth that the director, J. E. Cruce, of school district 20, was not a legal school board member.

"The case came up for hearing on the 25th day of June, 1930. After testimony and evidence being given, it was ruled by the county superintendent, A. E. Dickson, that J. E. Cruce was not an actual resident of district 20, Carter county, Okla., and a vacancy was declared, and Mr. Cruce was granted until noon, the 30th day of June, 1930, to finish the year's work concerning school matters. At that time his office is vacant and I will proceed to appoint a successor to fill said vacancy"

—and that the county superintendent of public instruction had no jurisdiction to remove a school district officer for the reasons set out in the order. It is contended by the petitioner herein that the county superintendent of public instruction removed Cruce from office for the reasons set out in the order as follows:

"Now on this the 25th day of June, 1930, the matter of the petition for the forfeiture of the office of director of school district No. 20, Carter county, Okla., came on for hearing; petitioners for forfeitures of said office appearing by A. L. Senter and Potterf, Gray & Poindexter, their attorneys; respondent J. E. Cruce, the present director of said school district, appearing in person and by his attorneys, Champion, Champion & Fischl; thereupon the county superintendent of public instruction of Carter county, Okla., having heard the evidence and argument of counsel, and being fully advised in the premises, finds that J. E. Cruce, the present director of school district No. 20, Carter county, Okla., has been negligent and derelict in reference to the duties of his office as director; that he has not called regular meetings of the school board of said district, he has not regularly attended meetings of said school board, he has removed out of said school district, and has not actually resided therein for more than 18 months; that he is not and has not been for more than 18 months an actual bona fide resident of said school district; he has failed and neglected to visit said school, and has failed to examine the register of the teacher of said school and inquire into the condition of said school, as required by section 10372, C. O. S. 1921; he has signed warrants on the funds of said school district in payment of claims which were not approved by the school board at a regular meeting, and that by reason of these facts said office should be forfeited, and a successor to J. E. Cruce should be appointed.

"It is therefore ordered that the office of director of school district No. 20, Carter county, Okla., up to this time held and occupied by J. E. Cruce, is hereby declared to be vacated and forfeited, and the said J. E. Cruce is hereby removed as a director of said school board.

"It is further ordered that this decree and order be and become effective at 12 o'clock noon, June 30, 1930.

"It is further ordered that this matter be continued until the 30th day of June, 1930, at which time a successor to the said J. E. Cruce as director of said school district will be appointed."

—and that the county superintendent of public instruction had authority to remove him for those causes.

This court is unable to say from the record which of those orders contained the reasons for removal of Cruce by the county superintendent of public instruction. We know of no law, and none is called to our attention, authorizing the county superintendent of public instruction to remove a school district officer from office for the reasons set out in the first order herein quoted. There is ample authority for the removal of the school district officer by the county superintendent of public instruction for the reasons set out in the second order herein quoted. Sections 10353 and 10372, C. O. S. 1921; Akin, County Superintendent, v. Harris, 138 Okla. 30, 280 Pac. 291.

The petition filed with the county superintendent of public instruction by the petitioner, A. L. Senter, stated facts sufficient to authorize that officer, after proper notice to J. E. Cruce, to remove the said J. E. Cruce from office. Akin, County Superintendent, v. Harris, supra.

The rule, as established in Oklahoma, is that a writ of certiorari will issue to an inferior court or tribunal to bring to the issuing court the record for review as to whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. Baker v. Newton, 22 Okla. 658, 98 Pac. 931; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 Pac. 494; Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183; Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 Pac. 457; Harris v. District Court in and for Nowata County, 68 Okla. 231, 173 Pac. 69; Coon v. Robinett, County Superintendent,

135 Okla. 114, 274 Pac. 669. As was said in those cases, "the writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction." We desire to add thereto that the writ cannot be used for the purpose of enjoining the acts of parties who were not necessary to the issuance and the hearing of the writ of certiorari.

If this case were here upon appeal from the order of the district court of Carter county, we would have a different law question before us. Since it is here upon an application for a writ of prohibition, we are bound by the rule stated in Kincannon v. Pugh, District Judge, 114 Okla. 90, 243 Pac. 945, as follows:

"It is a rule generally observed by the courts that an application for a writ of prohibition restraining an inferior court from proceeding in a cause will not be entertained until lack of jurisdiction of the cause is called to the attention of the court in some manner."

The petition for a writ of certiorari in the district court of Carter county alleged that the removal of J. E. Cruce by the county superintendent of public instruction was on the grounds stated in the order first hereinabove quoted. That petition stated a cause of action, and upon the issuance of process that court acquired jurisdiction to issue a writ of certiorari.

That court had jurisdiction of the subject-matter and was not deprived of its jurisdiction by the filing of a response setting out that the reasons for the removal were those contained in the second order hereinbefore quoted.

The district court of Carter county has jurisdiction of the certiorari proceeding and the application to prohibit that court from proceeding to hear the response to the writ and to determine the issues at law determinable in such a proceeding should be denied.

It is contended by the respondents herein that the county superintendent of public instruction has no jurisdiction to remove the members of a school board upon petition of an individual.

The county superintendent of public instruction has jurisdiction to make the removal under the statutes herein cited, upon his attention being called to the default or dereliction of the school district officer, after proper notice and hearing thereon, and it is immaterial how the information is called to the attention of the county superintendent of public instruction so long as the charges made are sufficiently definite and certain to give the school district officer and the county superintendent of public instruction notice of the particular charges made.

In so far as the petitioner herein seeks to have this court prohibit the district court of Carter county, Okla., from proceeding to determine whether or not the county superintendent of public instruction of Carter county had jurisdiction to remove J. E. Cruce as an officer of school district No. 20 of that county, the application for prohibition is denied.

In so far as it seeks to prohibit that court from enforcing its injunctive orders against A. L. Senter, Thomason, and the school teacher, the writ is ordered issued.

It is, therefore, ordered that Asa E. Walden, judge of the district court of the Eighth judicial district in and for Carter county, Okla., be, and he is, prohibited from enforcing or attempting to enforce the orders made in the cause pending in that court entitled, "J. E. Cruce, Plaintiff, v. A. L. Senter and A. E. Dickson, Defendants, No. 17768," on the 1st day of July, 1930.

Let a writ in accordance herewith issue.

As to the writ of certiorari issued by that court in that cause on the 30th day of June, 1930, application for a writ of prohibition is denied.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK,, RILEY, CULLISON, and SWINDALL, JJ., concur.

HEFNER, J., absent.