**BOARD OF COM'RS OF OKFUSKEE COUNTY et al. v. SCHOOL DIST. NO. 27 et al.**

No. 21032. Opinion Filed Nov. 18, 1930.

Rehearing Denied Dec. 23, 1930.

Dick Jones, James M. Shackelford, and James C. Wright, for plaintiffs in error.

Martin L. Frerichs, Sid White, and L. C. Phillips, for defendants in error.

LESTER, V. C. J. A petition was filed by a number of qualified electors of common school district No. 27 of Okfuskee county with the county superintendent of Okfuskee county, asking the annexation of said school district with independent school district No. 26; thereafter, the county superintendent of Okfuskee county found that said petition contained a majority of qualified electors of said district and ordered that said common school district be annexed to the independent school district. From this order an appeal was had to the board of county commissioners of Okfuskee county, and upon hearing had by said board the action of the county superintendent was sustained; thereafter a number of the electors of common school district filed in the district court a petition for certiorari, and the respondents duly filed their response to said petition. A hearing was had upon the issues thus joined and judgment was rendered in favor of the plaintiffs, from which judgment the defendants appeal.

Complaint is made on appeal that the court erred in receiving evidence dehors the record. Upon certiorari the general rule is that the only question before the court is the regularity of proceedings as shown by the record; however, in certain exceptional cases the court will consider evidence outside the record, but only where it tends to show want of jurisdiction or fraudulent conduct upon the part of the parties to the record. See Wagner v. School Dist. of Warrior Run, 12 Luzerne Legal Register Reports, 195; Tammany Furniture Co. v. Dewey, 10 Kulp, 198; Dodson v. Bohan, 5 Kulp, 94; Andreas v. Avoca, 8 Kulp, 325. Youngblood v. Folkner, 12 Luz. Reg. 261, 262.

It is contended by the defendants that the county superintendent was interested in the annexation of the common school district and that he caused a petition to be circulated and signed by the electors of school district No. 27 on the promise made to said electors that other and additional facilities were to be afforded school children of district No. 27; and that thereafter the county superintendent was employed as a school teacher in the independent school district to which the common school district had been annexed. We do not think that these acts of the county superintendent destroyed the jurisdiction to act upon the petition presented to him.

268

He does not sit as a judicial officer in the matter. He is clothed with power by the Legislature to change or alter districts under certain conditions. The statutes make no provision for another to act for him; therefore, there is no other person that has original jurisdiction to determine these original matters.

In the case of actual fraud or corruption, equity might interfere to prevent a grievous wrong being done, but we think before such an interference by a court of equity is warranted, the evidence must be clear and convincing that either gross fraud or corruption entered into the transaction.

Certiorari cannot be used to correct errors committed by an inferior tribunal acting within the limit of its jurisdiction. Coon v. Robinett, 135 Okla. 114, 274 Pac. 669; Harris v. District Court, 68 Okla. 231, 173 Pac. 69; Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 Pac. 457; Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183.

The board of county commissioners had a thorough hearing on the appeal taken from the findings of the county superintendent, and it sustained the action of the county superintendent in granting the petition to annex common school district No. 27 with independent school district 26.

The plaintiff below attempted to show that the county superintendent was without jurisdiction in the matter because of his interest in the proceedings. The county superintendent has the authority to advise the electors and patrons of a school district relative to the welfare and policy to be followed for the betterment of the school children, and if such county superintendent errs in these matters over which he has jurisdiction, such error of judgment is not subject to be reviewed by certiorari.

The aggrieved parties in this case appealed to the board of county commissioners from the action of the county superintendent, and after that board sustained the findings of the county superintendent and it here appearing that the county superintendent acted within his jurisdiction, the judgment of the county commissioners becomes final.

A close examination of the record in this case convinces us that there is no act or conduct upon the part of the county superintendent which disqualified him from passing upon the petition presented to him by the electors of school district No. 27.

Judgment is reversed, with directions to dismiss the writ.

MASON, C. J., and CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent.