## HOUSE et al. v. MUSICK, County Supt.

No. 28708.   Feb. 28, 1939.

Rehearing Denied June 20, 1939.

Karl D. Cunningham and Charles Swindall, for plaintiffs in error.

Roy H. Mead and T. R. Blaine, for defendant in error.

OSBORN, J.   This is an appeal prosecuted by Bennie Roy House and H. J. McCann, hereinafter referred to as plaintiffs, from a judgment of the district court of Kingfisher county, quashing a writ of certiorari, and affirming the action of Velma Musick, hereinafter referred to as defendant, who, as county superintendent of schools of Kingfisher county, had ousted plaintiffs from the offices of members of the board of education of school district No. 40, within said county.

The ouster proceeding was instituted under the authority conferred upon the county superintendent by section 6800, O. S. 1931 (70 Okla. Stat. Ann. sec. 103), to remove school board members for causes enumerated in the statute.   See School District No. 20 v. Walden, 146 Okla. 19, 293 P. 199; Akin v. Harris, 138 Okla. 30, 280 P. 291.

The charges were prepared and filed by the defendant county superintendent and charged plaintiffs with neglect of duty in failing to open the school and provide educational facilities for the children of the district from October 4, 1937, to October 21, 1937.   Notices were duly served upon plaintiffs, a hearing was had in which plaintiffs were represented by counsel, and plaintiffs were ousted by order of the superintendent.   An application for writ of certiorari was filed in the district court, and an order issued directing that the record of all the proceedings had before the county superintendent be certified to the district court.   It appears that a record of the testimony taken before the county superintendent was preserved and was certified to the district court together with the pleadings filed and orders entered by the county superintendent.   After a review of the record thus presented, the district court entered its findings that "said proceedings and every part thereof were regular and should be sustained," and entered judgment denying the relief sought by plaintiffs.   From said judgment this appeal is prosecuted.

Plaintiffs urge that the evidence is wholly insufficient to show any neglect of duty on their part, but that the evidence discloses that they were "diligent and alert and working for the best interest of said school district."

As we view it, we are precluded from inquiring into the controversial issues of fact.   We are here concerned with a review by writ of certiorari.   In the case of School District No. 20 v. Walden, supra, it was said:

"The rule, as established in Oklahoma, is that a writ of certiorari will issue to an inferior court or tribunal to bring to the issuing court the record for review as to whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. Baker v. Newton, 22 Okla. 658, 98 P. 931; In re Benedictine Fathers of

Sacred Heart Mission, 45 Okla. 358, 145 P. 494; Parmenter v. Ray, County Judge, 58 Okla. 27, 158 P. 1183; Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 P. 457; Harris v. District Court in and for Nowata County, 68 Okla. 231, 173 P. 69; Coon v. Robinett, County Superintendent, 135 Okla. 114, 274 P. 669. As was said in those cases, 'The writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction.' "

Plantiffs further urge that if there is no means of reviewing the action of the county superintendent where the evidence discloses an abuse of the discretion vested in said officer in removing members of a board of education, they are denied due process of law. This argument is without force in view of the fact that the right to hold a public office is not a property right. The failure of the law to provide a means of reviewing such action is a matter of legislative and not judicial concern.

Section 6800, supra, as construed by the decisions above cited, vests the county superintendent with jurisdiction to act in such matters. Notice was duly given and a hearing was had. The trial court did not err in holding that the regularity of the proceedings precluded the granting of the relief sought by plaintiffs.

The judgment is affirmed.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.